639 So.2d 1086 (1994)
Gary W. ELDRED, Appellant,
v.
John C. REBER, et al., Appellees.
No. 93-2090.
District Court of Appeal of Florida, Fifth District.
July 15, 1994.
Dennis G. Diecidue of Dennis G. Diecidue, P.A., Tampa, for appellant.
David J. Kohs of Wright & Kohs, P.A., Orlando, for appellee Harold L. Downing.
*1087 Vincent M. D'Assaro of Cameron, Marriott, Walsh, Hodges & D'Assaro, P.A., Orlando, for Appellee Charles Williams.
Susan D. Duff of Rumberger, Kirk & Caldwell, P.A., Orlando, for appellee John W. Foster.
No appearance, for appellees Bradley J. Davis, John C. Reber, and Davis, Downing, Williams and Crowell, P.A.
PETERSON, Judge.
Gary Eldred argues that the trial court incorrectly determined that the statute of limitations for litigational malpractice[1] begins to run from the date the appellate court files its decision in the underlying action rather than from the date the mandate is issued in the underlying action. Eldred received a final judgment adverse to his underlying cause of action on July 1, 1987. The adverse judgment, which appellant in this malpractice action claims was the result of a lack of preparation by his attorneys, was timely appealed to this court. This court issued its opinion affirming the adverse judgment on June 21, 1988, 528 So.2d 1197, and issued the mandate on July 8, 1988.
In this appeal Eldred argues that when litigational malpractice is involved, the statute of limitations does not begin to run until a final decision has been released by the appellate court in the underlying action in which the alleged malpractice occurs. He argues that the appellate decision is not deemed final or rendered until the mandate has been issued.
A party to an appeal first knows the outcome of that appeal when the appellate court issues its decision. A mandate is issued 15 days later unless the time is extended by a motion for rehearing, clarification or certification. Fla.R.App.P. 9.330 & 9.340. Most often, the mandate is routinely issued by the clerk of the appellate court 15 days after the decision because no further action has been taken that would extend the time.
In Employer's Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla. 1976), the supreme court provided guidelines for determining the inception date of a term of a statute of limitations:
Statutes of limitations are enacted to bar claims which have been dormant for a number of years and which have not been enforced by persons entitled to enforcement. To allow that time period to be expanded by the interval between a final adjudication of liability containing all the information necessary to establish the enforceable right, and the court's execution of a formal piece of paper called final judgment, would be to extend the statutes unnecessarily by nonuniform lengths of time. For these reasons, we hold that the time period for measuring a statute of limitations commences at the time a litigant's liabilities or rights have been finally and fully adjudicated. In general this will mean when the presiding judge or clerk records judgment for one party against the other in a specified amount after either a jury or nonjury trial.

Employer's Fire Ins. Co., 326 So.2d at 181. (Emphasis added).
This explanation coincides with the definition of the term "rendition" contained in Rule 9.020(g), Florida Rules of Appellate Procedure:
(g) Rendition (of an Order). An order[[2]] is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, clarification, or certification; to alter or amend; for judgment notwithstanding verdict or in accordance with prior motion for directed verdict, or in *1088 arrest of judgment; or a challenge to the verdict, the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
(2) If such a motion or motions have been filed, a signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.[[3]]
These rules indicate that the time of rendition is variable and is dependent upon the post-judgment action of a party.
Rule 9.340 is also helpful in determining when an order is rendered by an appellate court. Subparagraph (b) requires that a mandate issue 15 days after rendition of an order denying a motion for rehearing, clarification or certification or until 15 days after the cause has been fully determined. The rule communicates clearly that rendition applies to an order of the court, not the issuance of the mandate.
We hold that for purposes of determining when the statute of limitations begins to accrue in a litigational malpractice action when the underlying action is appealed, the time begins to accrue when the appellate decision is "rendered" as that term is defined in Florida Rule of Appellate Procedure 9.020(g). In doing so, we affirm the final judgment of the trial court.
AFFIRMED.
HARRIS, C.J. and DIAMANTIS, J., concur.
NOTES
[1] "Litigational malpractice" refers to error committed in the course of litigation which might be changed on appeal. See Roger Zitrin, M.D., P.A. v. Glaser, 621 So.2d 748, 749 (Fla. 4th DCA 1983). The existence of negligence in such cases is not determined until the appeal is complete. Id.
[2] Rule 9.020(e) defines an order as "a decision, order, judgment, decree or rule of a lower tribunal, excluding minutes and minute book entries." The rule makes no mention of a mandate.
[3] The committee notes to the rule make it clear that "lower tribunal" includes a district court of appeal.