# Third District Court of Appeal

## State of Florida

Opinion filed May 26, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1859
Lower Tribunal No. 18-10275
_____


**Juan Francisco Vega,**
Appellant,

vs.

**Andrew Franklin Rier,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Juan Francisco Vega, in proper person.

Rier Jordan, P.A., and Jonathan E. Jordan, for appellee.


Before FERNANDEZ, GORDO, and BOKOR, JJ.

FERNANDEZ, J.

Juan Vega appeals the trial court's order dismissing a legal malpractice action in favor of Vega's prior counsel, Andrew Rier. The dismissal was based on the lapse of the two-year statute of limitations, pursuant to section 95.11(4)(a), Florida Statutes (2020). Upon finding that Vega filed suit well within the statute of limitations period, we reverse the order and remand for further proceedings.

Attorney Rier represented Vega throughout trial and on appeal in a criminal case brought against Vega by the State. After a decision was entered by this Court in favor of the State, Rier filed a motion for a written opinion or for certification and a motion for rehearing en banc. On March 24, 2017, this Court entered a final order denying all post-decision motions. Pursuant to the Florida Rules of Appellate Procedure, this final order is deemed rendered. Fla. R. App. P. 9.020(i) ("Rendition of an Appellate Order. If any timely and authorized motion under rules 9.330 or 9.331 is filed, the order shall not be deemed rendered as to any party until all of the motions are either withdrawn or resolved by the rendition of an order."). Afterward, Vega filed a writ of certiorari with the Florida Supreme Court. The Supreme Court entered a final order denying the petition on October 2, 2017.

The statute of limitations in a legal malpractice action begins to run from the rendition of the final order on appeal and ends two years later. See

2

Glucksman v. Persol N. Am., Inc., 813 So. 2d 122, 124 (Fla. 4th DCA 2002) ("A legal malpractice cause of action accrues not necessarily when the client first suspects that the attorney might have committed malpractice, but rather, when the client incurs damages at the conclusion of the related or underlying judicial proceeding . . . ."); Eldred v. Reber, 639 So. 2d 1086, 1088 (Fla. 5th DCA 1994) ("The rule communicates clearly that rendition applies to an order of the court, not the issuance of the mandate. We hold that for purposes of determining when the statute of limitations begins to accrue in a litigational malpractice action when the underlying action is appealed, the time begins to accrue when the appellate decision is 'rendered' . . . ."). Additionally, if the losing party appeals a District Court's decision to the Florida Supreme Court, "for the purposes of determining when the limitations period begins to run, 'a final judgment is not final until a timely filed appeal to, or petition for review by, the supreme court is resolved.'" Gilbride, Heller & Brown, P.A. v. Watkins, 783 So. 2d 224, 225-26 (Fla. 2001).

Vega filed his legal malpractice action against Rier on April 3, 2018, which is well within the two-year range of the statute of limitations calculated from either this Court's March 24, 2017 order or from the Supreme Court's October 2, 2017 order. Therefore, the trial court erred in dismissing the

3

malpractice action. We reverse the trial court's order and remand for further proceedings.

Reversed and remanded.