PARIENTE, Judge.
This appeal requires us to consider the individual liability of corporate officers under the Florida Securities and Investor Protection Act. Appellant, a disenchanted investor in appellees’ business ventures, filed a multi-count complaint against appellees. Following a non-jury trial, the trial court found that appellee Historical Shipwreck Salvors, Inc. (HSSI) violated section 517.301, Florida Statutes (1993), by making material misrepresentations that were relied on by appellant in his decision to purchase an interest in HSSI.[1] Pursuant to section 517.211, the trial court ordered rescission of the purchase, which included return of the appellant’s $30,000 investment with prejudgment interest. Although the trial court found HSSI liable for *1392 damages, appellant argues that the trial court erred by not also finding Suzanne and Robert Combs individually liable. We agree.
Sections 517.011-517.32 comprise the Florida Securities and Investor Protection Act. Its purpose is to “protect the public from fraudulent and deceptive practices in the sale and marketing of securities.” Arthur Young & Co. v. Manner Corp., 630 So.2d 1199, 1203 (Fla. 4th DCA 1994). Subsection 517.211(2) imposes individual liability on persons participating or aiding in the sale of securities as follows:
Any person purchasing or selling a security in violation of s. 517.301, and every director, officer, partner, or agent of or for the purchaser or seller, if the director, officer, partner, or agent has personally participated or aided in making the sale or purchase, is jointly and severally liable to the person selling the security to or purchasing the security from such person in an action for rescission, if the plaintiff still owns the security, or for damages, if the plaintiff has sold the security.
Suzanne and Robert Combs were corporate officers of HSSI, a closely-held corporation, and were the individuals who made the statements found by the trial court to constitute material misrepresentations. Because it is uncontroverted that Suzanne and Robert Combs personally participated or aided in making these statements, they are jointly and severally liable to appellant, along with their corporation, HSSI. See § 517.211(2); Whigham v. Muehl, 500 So.2d 1374, 1380 (Fla. 1st DCA 1987).
Accordingly, we reverse the trial court’s final judgment in favor of appellees Suzanne and Robert Combs on Count VII. Our reversal on this point compels a reversal of the final judgment for attorney’s fees in favor of appellee Suzanne Combs, which was based on a $1,000 offer to settle made pursuant to section 45.061. See also Knealing v. Puleo, 675 So.2d 593 (Fla.1996). We affirm as to the other points raised on appeal.
On remand, the trial court shall enter an amended final judgment on Count VII in favor of appellant and against appellees HSSI and Suzanne and Robert Combs in the amount of $38,632.28, with postjudgment interest to run from the date of the original judgment.
AFFIRMED IN PART; REVERSED IN PART.
GLICKSTEIN and STEVENSON, JJ., concur.

. Section 517.301, Florida Statutes (1993), states in relevant part:
(1) It is unlawful and a violation of the provisions of this chapter for a person:
(a) In connection with the ... offer, sale, or purchase of any investment or security ... directly or indirectly:
1. To employ any device, scheme, or artifice to defraud;
*1392 2. To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
3. To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.