750 So.2d 715 (2000)
Arthur Leslie CLEMENTS and Victoria Clements, Appellants,
v.
WILDLIFE CONSERVATION SOCIETY, etc., Appellee.
No. 5D98-3413.
District Court of Appeal of Florida, Fifth District.
January 21, 2000.
Rehearing Denied February 15, 2000.
*716 Robert J. Link, of Pajcic & Pajcic, P.A., Jacksonville, for Appellants.
Samuel H. Lanier of Coker, Myers, Schickel, Sorenson, Higginbotham & Green, P.A., Jacksonville, for Appellee.
PETERSON, J.
Arthur Clements and his wife, Victoria, appeal a final summary judgment in favor of the Wildlife Conservation Society, f/k/a the New York Zoological Society ("the Society")[1]. The Clements contend that the trial court erred in dismissing their claims against the Society and ruling that the Society was entitled to workers' compensation immunity.
Arthur Clements, an employee of the St. Augustine Alligator Farm (Alligator Farm), was cleaning drains with a pool skimmer in the pool area of a four foot high enclosure that housed Cuban crocodiles when he was attacked by one of the crocodiles. The seven-foot crocodile had jumped and seized Clements' left arm in its jaws. Clements' arm later had to be amputated.
Although the Alligator Farm's workers' compensation policy provided benefits for the injury, the Clements sued the Society alleging that it was liable for the injuries as the owner of the crocodile. In addition to asserting that the Society was strictly liable for the injuries, the Clements argued alternatively that the Society should be liable in negligence for failing to warn of the unusually dangerous and aggressive characteristics of Cuban crocodiles and in failing to warn attendants of appropriate safety measures.
The Society denied that it was the owner and alternatively defended by alleging that even if the crocodile was owned by them and had been loaned to the Alligator Farm, the claim was barred by workers' compensation immunity and the leased dangerous instrumentality doctrine. Relying on Halifax Paving, Inc. v. Scott & Jobalia Const., Inc., 565 So.2d 1346 (Fla. 1990), the Society successfully moved for summary judgment. We affirm.
Under Section 440.11, Florida Statutes (1995), an owner of a dangerous instrumentality enjoys the same limited liability or immunity from a tort action as the employer of an employee injured by the instrumentality where it is leased to, and under the control of, the employer. In Halifax, an employee of Scott & Jobalia ("S & J"), was injured when a pipe fell from a sling attached to a crane that had been borrowed from Halifax. The employee collected workers' compensation benefits from S & J and then sued Halifax as the owner of the crane. Halifax settled with S & J's employee and sought indemnity from S & J. The supreme court found that the workers' compensation benefits were the exclusive remedy of the injured employee because the leased or borrowed equipment was in the exclusive control of the employer and the owner of the equipment did not in any logical sense contribute to the injury. The injury "was a workplace injury occurring as a result of a dangerous instrumentality in the control of the employer."
*717 The borrowed crocodile, similarly, became a "working tool" of the Alligator Farm when the Society transferred possession to the Farm. The crocodile became a part of the operation of the Alligator Farm which was to breed and exhibit reptiles. All of the environment surrounding the tragedy was controlled solely by the Alligator Farm, to wit: the crocodile, the workplace and the injured employee. The crocodile is no less a dangerous instrumentality in the control of the employer than the crane used in Halifax:
A dangerous instrumentality is anything that unless carefully guarded and carefully used is dangerous to others... including the use of explosives, vicious animals, or automobiles operating on roadways.
Emphasis added. Ricke and Sons, Inc. v. Green, 609 So.2d 504, 509 (Fla.1992); see also, Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353, 364 (1940) (vicious animals are dangerous instrumentalities per se). We affirm the summary judgment and agree that the Society also enjoyed the benefits of the Alligator Farm's workers' compensation immunity.
AFFIRMED.
ANTOON, C.J., and COBB, J., concur.
NOTES
[1] The Society owns and operates the Bronx Zoo.