PER CURIAM.
Anthony D. Moragne appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Mo-ragne’s claim is not conclusively refuted by the record attachments, we reverse the order of the trial court and remand the case for reconsideration.
In 1998, Moragne was found guilty by a jury of grand theft of a motor vehicle. He alleges that his trial counsel was ineffective for failing to request a jury instruction on the alibi defense, and that he would have been acquitted but for this omission of his counsel. This is a cognizable claim. See Lenoir v. State, 741 So.2d 1148 (Fla. 2d DCA 1999). It appears from Mo-ragne’s inartfully drafted motion that one of the witnesses actually provided an alibi for Moragne at trial.
The trial court directed the State to respond to Moragne’s motion. The attorney who responded on behalf of the State pointed out that Moragne had misidentified his trial counsel and did not address the substance of his claim. Moragne’s misidentification of his trial counsel does not defeat his claim, and the State’s response could not have been helpful to the trial court.
The trial court based its denial of Mo-ragne’s motion on its reading of the infor *441 mation, which charges that Moragne “did ... obtain or use, or endeavor to obtain or use” a motor vehicle from a car dealer on February 5, 1998. The court found that Moragne’s presence when the vehicle was stolen was not germane to the charge. Therefore, according to the trial court, an alibi instruction would not have assisted Moragne.
The trial court’s conclusion that an alibi instruction was not needed under the facts of the case may be correct, but it is not supported by the documents attached to the order denying the motion. While the wording of the charge against Mo-ragne does not establish whether the State alleged that he actually took the vehicle off the car lot, the evidence presented at trial presumably would have shown Moragne’s exact role in the offense. Consequently, to rebut Moragne’s allegations without a hearing, the trial court would have had to attach those portions of the record that showed Moragne’s whereabouts during the time period covered by the charges as supported by the evidence and by his alibi witness.
On remand, the trial court may again deny Moragne’s motion if his allegation is conclusively refuted by record attachments. If it cannot be, the trial court must conduct an evidentiary hearing on his claim.
Reversed and remanded.
THREADGILL, A.C.J., and GREEN and STRINGER, JJ., Concur.