ALTENBERND, Judge.
Anthony D. Moragne appeals the trial court’s order that summarily denies his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. This is the second time that the trial court has summarily denied the motion. See Moragne v. State, 761 So.2d 440 (Fla. 2d DCA 2000). Once again, we conclude that the record attachments do not conclusively refute Mr. Moragne’s claim.
It appears that the trial court may misunderstand the nature of Mr. Moragne’s claim. He was convicted of grand theft auto. There is no evidence directly connecting Mr. Moragne to the theft of this car from a dealership in late January 1998. The State charged theft based on his unauthorized use of the vehicle on February 5, 1998. The unoccupied car was apparently recovered by law enforcement in the parking lot of a large apartment complex where Mr. Moragne lives. Allegedly, the only evidence connecting him to the car is eyewitness testimony that he was driving the car on February 5, 1998. Mr. Moragne claims that his girlfriend provided alibi testimony for the time when the eyewitness allegedly saw him in the car. He claims that his attorney was ineffective for failing to request an instruction on the alibi defense— not for the time when the car was stolen from the dealership, but for the only time that he allegedly was ever seen in possession of the vehicle. The trial court’s attachments to its second order do not refute this claim.
On remand, the law permits the trial court to deny • this motion again if Mr. Moragne’s allegations can be conclusively refuted by record attachments. We caution the trial court, however, that the portions of the record we have received in these two appeals lead us to believe that an evidentiary hearing would be the better method to resolve this particular motion.
PARKER, A.C.J., and CASANUEVA, J., concur.