777 So.2d 1062 (2001)
Trudy RUIZ and Henry Ruiz, Dan and Barbara Grossi, and Richard P. Figueredo, on behalf of themselves and all similarly situated plaintiffs, Appellants,
v.
BRINK'S HOME SECURITY, INC., Appellee.
No. 2D99-4190.
District Court of Appeal of Florida, Second District.
January 17, 2001.
*1063 W. Christian Hoyer, Christa L. Collins, John A. Yanchunis, and Kendra C. Mancusi, of James, Hoyer, Newcomer & Smiljanich, Tampa, for Appellants.
Guy W. Spicola, Steven L. Brannock, and G. Calvin Hayes, of Holland & Knight, for Appellee.
DAVIS, Judge.
Trudy and Henry Ruiz, Dan and Barbara Grossi, and Richard P. Figueredo appeal the final judgment dismissing the class action complaint they filed against Brink's Home Security, Inc. The appellants argue that the trial court erred in granting Brink's motion to dismiss and entering a final judgment against them based on Brink's "voluntary payment doctrine" defense. We agree and reverse.
Each of the three appellants' households entered into a contract with Brink's for a home security system. By the terms of the contracts, Brink's continued to own the systems and the homeowners paid a lease fee. Each contract included specific language obligating the homeowner to reimburse Brink's the cost it incurred for the payment of property tax on the homeowner's security system:
You will pay any and all applicable sales, use, service, property, or other taxes in connection with the Service ... YOU WILL BE BILLED FOR THE AMOUNT REQUIRED TO REIMBURSE BRINK'S FOR PROPERTY TAX ON THE STANDARD PROTECTIVE EQUIPMENT INSTALLED IN YOUR LOCATION. THIS AMOUNT WILL BE BILLED ONCE EACH YEAR, AND GENERALLY RANGES FROM $5.00 TO $15.00 PER YEAR.
(Emphasis in original.)
The appellants filed suit against Brink's alleging that Brink's charged its customers more than it paid as property tax. In its motion to dismiss, Brink's argued that the appellants lacked standing and that the voluntary payment doctrine barred recovery. Although the trial court did not specifically so state in its order, it appears from our reading of the record that the motion to dismiss was granted solely on the basis of the voluntary payment doctrine. Furthermore, Brink's bases its argument before this court on that assumption. Therefore, the only issue before this court is whether the trial court erred in *1064 dismissing the appellants' complaint based on the voluntary payment doctrine.
The voluntary payment doctrine provides that "where one makes a payment of any sum under a claim of right with knowledge of the facts, such a payment is voluntary and cannot be recovered." City of Miami v. Keton, 115 So.2d 547, 551 (Fla.1959).
We review the trial court's decision granting a motion to dismiss de novo. See W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297 (Fla. 1st DCA 1999). In our review, we may look only to the four corners of the complaint. See Wilson v. News-Press Publ'g Co., 738 So.2d 1000, 1001 (Fla. 2d DCA 1999). If the allegations of the complaint demonstrate the existence of an affirmative defense, such defense may be considered on a motion to dismiss. Otherwise, an affirmative defense may not be considered on a motion to dismiss. See Frank v. Campbell Property Management, Inc., 351 So.2d 364, 365 (Fla. 4th DCA 1977).
The complaint alleges that the amounts the appellants were billed were in excess of the actual tax imposed on Brink's. Further, it is alleged that the plaintiffs did not know and could not have known that the amounts exceeded the tax actually charged. There is nothing in the complaint that can be read to allege that the plaintiffs voluntarily paid the sums Brink's charged knowing that they were excessive. Because the complaint does not show on its face the applicability of the voluntary payment doctrine, the trial court erred in granting the motion to dismiss on this ground.
We reverse and remand for further proceedings consistent with this ruling.
PATTERSON, C.J., and NORTHCUTT, J., concur.