794 So.2d 619 (2001)
VALUE RENT-A-CAR, INC., Appellant,
v.
Colin GRACE, Sr., Appellee.
No. 2D00-2843.
District Court of Appeal of Florida, Second District.
March 14, 2001.
*620 Jeffrey D. Kottkamp of Henderson, Franklin, Starnes & Holt, Fort Myers, for Appellant.
Kenneth J. Sobel of Greenspoon, Marder, Hirschfeld, Rafkin, Ross & Berger, P.A., Fort Lauderdale, for Appellee.
STRINGER, Judge.
Value Rent-A-Car appeals the dismissal of its indemnity suit, with prejudice. Because the complaint in this case states a cause of action, we reverse.
On December 19, 1996, appellee, Colin Grace, Sr., rented a vehicle from Value Rent-A-Car and executed a rental agreement which contained the following indemnification clause:
INDEMNIFICATION: I AGREE TO DEFEND, INDEMNIFY AND HOLD YOU HARMLESS FROM AND AGAINST ANY AND ALL CLAIMS, COSTS, DAMAGES, EXPENSES, FEES, FINES, PENALTIES, ATTORNEY FEES AND SPECIAL DAMAGES INCURRED BY YOU ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE OPERATION, POSSESSION AND/OR USE OF THE CAR, INCLUDING BUT NOT LIMITED TO, ANY AND ALL CLAIMS, COSTS, DAMAGES, EXPENSES, FEES, FINES, PENALTIES, ATTORNEYS FEES AND SPECIAL DAMAGES TO THIRD PARTIES ARISING OUT OF THE OPERATION AND/OR USE OF THE CAR.
Two days after taking delivery of the car, Mr. Grace was involved in a collision which resulted in injuries to his son, Colin Grace, Jr., and to his wife, Karen Grace. Consequently, Karen Grace filed a personal injury action individually and as next friend of Colin Grace, Jr. The complaint named Value Rent-A-Car as a defendant and alleged its vicarious liability based on the dangerous instrumentality doctrine. Appellee, Colin Grace, Sr., was not party to the suit.
Value Rent-A-Car subsequently filed a complaint against Colin Grace, Sr., for contractual and common law indemnity. The two cases were consolidated for discovery purposes. Mr. Grace moved to dismiss the complaint for failure to state a cause of action, alleging parental immunity which makes a parent immune from suit by an unemancipated minor for negligent and unintentional torts. Mr. Grace essentially argued that because his son could not sue him for injuries sustained in the collision, Value Rent-A-Car also could not maintain an action against him for damages payable to his son in connection with the accident. The trial court granted the motion on the authority of Ard v. Ard, 414 So.2d 1066 (Fla.1982), and Joseph v. Quest, 414 So.2d 1063 (Fla.1982). In Ard and Joseph, the supreme court held that parents are immune from suit by their children and can only be held liable to the extent of available liability coverage, provided the policy does not contain an exclusion for injuries caused by household or family members. Ard, 414 So.2d at 1067; Joseph, 414 So.2d at 1065. Because allegations of the complaint do not affirmatively and clearly show the applicability of parental immunity as an affirmative defense, we reverse. Vause v. Bay Med. Ctr., 687 So.2d 258, 261 (Fla. 1st DCA 1996).
This court reviews the trial court's decision granting a motion to dismiss de novo. Ruiz v. Brink's Home Sec., Inc., 777 So.2d 1062 (Fla. 2d DCA 2001). On review of a trial court's order granting a motion to dismiss, this court may look only to the four corners of the complaint. Id. at 1064. An affirmative defense may serve as a basis for a motion to dismiss only if the defense appears within the four corners of the complaint. Randles v. *621 Moore, 780 So.2d 158 (Fla. 2d DCA 2001). However, "if the court is required to consider matters outside of the four corners of the complaint, then the cause is not subject to dismissal on the basis of [an] affirmative defense." Vause, 687 So.2d at 261.
The complaint in this case alleges that Mr. Grace agreed to indemnify Value Rent-A-Car pursuant to the terms of the rental agreement. Copies of the rental agreement, as well as the complaint in the underlying action, were attached to Value Rent-A-Car's complaint and were incorporated therein by reference. On its face this complaint states a cause of action for indemnity. Neither this complaint nor the complaint in the underlying action establish an absence of liability insurance available to Colin Grace, Sr. Establishing an absence of liability coverage would be necessary to prevail on the affirmative defense of parental immunity.[1]
On appeal, Mr. Grace argues that based on Ard and Joseph, Value Rent-A-Car was obliged to plead the existence of liability coverage in its complaint in order to state a cause of action for indemnity. We disagree. If we adopted this reasoning, it could be extended to other causes of action creating the unreasonable burden of requiring plaintiffs to plead facts which would eliminate every affirmative defense available under law. Affirmative defenses and the existence of facts which have bearing on the viability of an action are best fleshed out in the litigation process by way of motions for summary judgment or judgment on the pleadings. Wilson v. News-Press Publishing, Co., 738 So.2d 1000, 1001-02 (Fla. 2d DCA 1999).
Reversed.
LENDERMAN, Associate Judge, concurs.
ALTENBERND, A.C.J., concurs specially.
ALTENBERND, Acting Chief Judge, Concurring.
I concur in this opinion, but do not wish to suggest that Value Rent-a-Car's complaint for indemnity is necessarily subject to dismissal on remand if Colin Grace, Sr., establishes an absence of insurance. I think the issues are more complex. Neither the trial court nor this court has received thorough briefing on the merits of Value Rent-a-Car's claim. The unresolved issue is whether family immunity bars a claim for indemnity brought by a party who is only technically or vicariously liable for the damage caused by an active tortfeasor, who is a member of the injured party's family.
The skeletal record in this case contains no evidence. Value Rent-a-Car's complaint attaches, as an exhibit, the personal injury complaint. Karen Grace filed that complaint individually and for her minor son, Colin, Jr. Mrs. Grace's complaint alleges that both she and her son were injured in a two-car automobile accident in 1996. Mrs. Grace maintains that both her husband and the other driver were at fault. She sues Value Rent-a-Car under the dangerous instrumentality doctrine to recover for her husband's negligence. She sues Ed Morse Cadillac under the same doctrine to recover for the negligence of the other driver. We have no information about the present status of the personal injury lawsuit.
*622 Joseph v. Quest, 414 So.2d 1063 (Fla. 1982), involved a claim for contribution against a parent. I agree that if Ed Morse Cadillac, standing in the shoes of the other tortfeasor, were the plaintiff in this action, seeking contribution for a settlement of the son's personal injury lawsuit, the Joseph case would probably be dispositive. However, Value Rent-a-Car's liability is purely vicarious. It has sued Mr. Grace, not for contribution between tortfeasors, but for common law and contractual indemnity. It seeks indemnity both for the son's claim and the wife's.
In Waite v. Waite, 618 So.2d 1360 (Fla. 1993), the supreme court held that interspousal immunity is no longer a part of Florida's common law. The supreme court did not limit its holding in Waite to cases in which insurance coverage exists. Thus, Mrs. Grace has the right to sue her husband in the personal injury lawsuit even if he has no insurance coverage. Value Rent-a-Car's claim for indemnity for Mrs. Grace's injuries would not appear to be prevented by any form of family immunity.[2]
Colin, Jr.'s claim is more complex. Apparently, Value Rent-a-Car can be vicariously liable under the dangerous instrumentality doctrine, even though the father is protected by family immunity. See May v. Palm Beach Chem. Co., 77 So.2d 468 (Fla.1955); Orefice v. Albert, 237 So.2d 142 (Fla.1970). If Value Rent-a-Car can be vicariously liable, I am not convinced at this early stage in this lawsuit that Mr. Grace's immunity from suit by his son would necessarily make him immune from suit by Value Rent-a-Car.
Family immunity is often justified as a means to preserve existing family resources. In this case, any payment by Value Rent-a-Car would increase family resources. I am not convinced that a defendant who is vicariously liable for the negligence of the father and who increases the family's resources by paying a judgment to the son should be barred from seeking reimbursement from the father.
Insurance companies uniformly exclude coverage for these claims because family members with insurance have an incentive to admit negligence when the facts do not support negligence. Insurance coverage for family lawsuits tends to encourage spurious claims. If Value Rent-a-Car is liable under the dangerous instrumentality doctrine and cannot seek indemnity, it is effectively an insurer with no right to exclude coverage for family claims. As a practical matter, Value Rent-a-Car and all other rental companies will need to increase rental rates significantly for cars in Florida if the dangerous instrumentality doctrine transforms them into insurers of such family lawsuits.
Although the policies supporting family immunity are different from those supporting workers' compensation immunity, a brief comparison is warranted. "Under Section 440.11, Florida Statutes (1995), an owner of a dangerous instrumentality now enjoys the same limited liability or immunity from a tort action as the employer of an employee injured by the instrumentality where it is leased to, and under the control of, the employer." Clements v. Wildlife Conservation Soc'y, 750 So.2d 715, 716 (Fla. 5th DCA 2000); see also Halifax Paving, Inc. v. Scott & Jobalia Constr., Inc., 565 So.2d 1346 (Fla.1990). Before section 440.11 extended immunity to the owner of the dangerous instrumentality, the supreme court allowed the owner *623 to obtain indemnity from the immune employer. Commercial Coatings of Northwest Fla. v. Pensacola Concrete Constr. Co., 616 So.2d 960 (Fla.1993). It is not clear to me why a different approach should exist for family immunity.
Whatever the final result, the ramifications of this lawsuit are serious, and I do not believe that proof of an exclusion in the relevant insurance policy should necessarily cause this claim to be dismissed.
NOTES
[1] Our holding is based solely on the procedural posture of the case which precludes dismissal. As Judge Altenbernd suggests in his concurrence, we do not, and indeed need not, make a determination as to whether the doctrine of parental immunity would bar recovery under these facts.
[2] If Mrs. Grace is a co-bailee of this car, it would appear unlikely that Value Rent-a-Car is liable for her injuries because her husband's negligence would be imputed to her. See Raydel, Ltd. v. Medcalfe, 178 So.2d 569 (Fla.1965).