DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KATE NGUYEN,

Appellant/Cross-Appellee,

v.

PERSPECTIVE GLOBAL, LLC,

Appellee/Cross-Appellant,

and

JOSHUA PAUL HOOKS, MARK RIGGINS, and JOHN M. RIGGINS,

Appellees.

No. 2D2023-0487

_____

June 7, 2024

Appeal from the Circuit Court for Hillsborough County; Emily Peacock, Judge.

R. Jeffrey Stull and Richard E. Stull of R. Jeffrey Stull, P.A., Tampa, for Appellant/Cross-Appellee.

Scott J. Edwards of Scott J. Edwards, P.A., Boca Raton; and Thomas S. Dolney of Dolney Law, PLLC, Orlando, for Appellee/Cross-Appellant, Perspective Global, LLC.

No appearance for remaining Appellees.

SMITH, Judge.

Kate Nguyen challenges the trial court's order granting in part Perspective Global LLC's motion to dismiss Counts II, III, and VI of Ms. Nguyen's complaint alleging fraud against Perspective, fraud in the "offer, sale, or purchase of [an] investment or security" under section 517.301, Florida Statutes (2020), and sale of an unregistered security under section 517.07, part of Florida's Blue Sky Law, against Perspective and its agents. Perspective cross-appeals challenging that same order, which also denied Perspective's motion for attorneys' fees and costs brought under an operating agreement between the parties. Because Ms. Nguyen sufficiently pled vicarious liability against Perspective for the acts of Perspective's agents, and because this matter does not arise out of an assertion of rights under the operating agreement, we reverse that portion of the order granting the motion to dismiss as to Counts II and III against Perspective and affirm the denial of Perspective's motion for attorneys' fees and costs.

**I.**

Ms. Nguyen's Second Amended Complaint alleges, among other causes of action, fraud against Perspective arising out of the bad acts of its agents, Joshua Paul Hooks and John and Mark Riggins (the Rigginses), in Count II, and fraud in the "offer, sale, or purchase of any investment or security," under section 517.301 against Perspective, Hooks, and the Rigginses in Count III.[1]

---

[1] The Second Amended Complaint also alleges breach of fiduciary duty for violating sections 620.8201(1), 620.8305, 620.8306, and 620.8307, Florida Statutes (2020) (the Revised Uniform Partnership Act), civil conspiracy, unjust enrichment, and breach of contract against Hooks and the Rigginses. The court dismissed the Revised Uniform Partnership Act count against the Rigginses, a ruling which Ms. Nguyen does not challenge on appeal. The court did not dismiss the other

2

The Second Amended Complaint recounts that sometime prior to December 2019, Perspective's agents[2] formed the company to lease a hotel located in Nicaragua, which they intended to convert into a rehabilitation facility. Ms. Nguyen met Hooks in November 2019 in Palm Harbor at a marketing event, and in December 2019, Hooks and John Riggins presented her with a prospectus to invest in Perspective. Ms. Nguyen alleges that on January 23, 2020, she agreed to invest $75,000 in Perspective, and on January 31, 2020, she entered into an operating agreement which made her a managing member with ten percent ownership interest in Perspective. Ms. Nguyen wired the $75,000 to Perspective's bank account on February 3, 2020.

Ms. Nguyen alleges that Perspective's agents made misrepresentations of material fact detailed in the prospectus, which falsely portrayed the profitability of Perspective, which she relied upon in entering into the operating agreement and remitting the $75,000 consideration. She alleges that prior to her signing the operating agreement, Perspective's agents falsely represented that Mark Riggins contributed $100,000 in capital to Perspective. Ms. Nguyen also

_____

counts against Hooks and the Rigginses, and those rulings are also not challenged here.

[2] Ms. Nguyen alleges that after Perspective was initially formed, Hooks and the Rigginses together owned the entirety of Perspective's membership interests. Pursuant to the operating agreement signed in January 2020, Hooks, the Rigginses, and Ms. Nguyen were members and managers of Perspective, which per the operating agreement was a "manager-managed" LLC. Hooks and the Rigginses were therefore agents of Perspective. *See* § 605.04074(2)(b), Fla. Stat. (2020) (stating that "each manager is an agent of the limited liability company for the purpose of its activities and affairs," subject to exceptions not applicable here).

contends that Perspective's agents then withdrew tens of thousands of dollars from Perspective's bank account for their own personal use.

Regarding her fraud claim against Perspective, Ms. Nguyen alleges that the fraudulent conduct of Perspective's agents, "which was in the ordinary course of the business of [Perspective,] is also attributable to [Perspective]." Regarding her claim for fraud in the sale of a security or investment, Ms. Nguyen alleges that the information contained in the prospectus led her to believe that her stake in Perspective would be profitable, a fact which was "essential to her decision to send $75,000 to [Perspective]." In other words, but for the documents presented by Perspective agents, she would not have entered into the operating agreement.

Perspective filed a motion to dismiss, arguing that because Ms. Nguyen only alleged statements made by Perspective agents, but not Perspective itself, she failed to state a cause of action in both Counts II and III against Perspective. Additionally, Perspective argued that because Ms. Nguyen had sent the $75,000 to Perspective after she signed the operating agreement, she had not purchased a security but rather had contributed to a company of which she was a member, and therefore had failed to plead fraud in the sale of a security or sale of an unregistered security in Counts III and VI. The trial court agreed and dismissed Count II for failure "to adequately allege bad acts by [Perspective] to support a fraud claim against [Perspective]." The court also dismissed Counts III and VI against Perspective, finding that, based upon the allegations, Ms. Nguyen "was not sold a 'security' or solicited for an 'investment' " because she was already a member/manager at the time she contributed the $75,000, which the trial court classified as a

4

capital contribution.[3] In that same order dismissing Counts II, III, and VI, the trial court denied Perspective's motion for legal fees and costs. This appeal followed.

## II.

Our review of an order granting a motion to dismiss is de novo. *Brooke v. Shumaker, Loop, & Kendrick, LLP*, 828 So. 2d 1078, 1080 (Fla. 2d DCA 2002) (citing *Value Rent-A-Car, Inc. v. Grace*, 794 So. 2d 619, 620 (Fla. 2d DCA 2001)). "In ruling on a motion to dismiss, the trial court must confine itself to the four corners of the complaint, accept the allegations of the complaint as true, and construe the allegations in the light most favorable to the plaintiff." *Id.* (citing *Hosp. Constructors Ltd. v. Lefor*, 749 So. 2d 546, 547 (Fla. 2d DCA 2000)).

Ms. Nguyen argues that the trial court erred in dismissing her fraud claims against Perspective because she sufficiently alleged that the fraudulent statements made by Perspective's agents were made in the ordinary course of Perspective's business, and thus, were attributable to Perspective under the theory of vicarious liability. We agree.

"A corporation can, of course, act only through its agents." *Houri v. Boaziz*, 196 So. 3d 383, 391 (Fla. 3d DCA 2016). "As a general rule, a principal may be held liable for the acts of its agent that are within the course and scope of the agency." *Roessler v. Novak*, 858 So. 2d 1158, 1161 (Fla. 2d DCA 2003) (citing *Jaar v. Univ. of Miami*, 474 So. 2d 239, 245 (Fla 3d DCA 1985)). Even "[w]here it is shown, without dispute, that a corporate officer's fraud intended to and did benefit the corporation, to the detriment of outsiders, the fraud is imputed to the corporation."

---

[3] We need not reach the issue of whether Ms. Nguyen was sold a security or solicited for an investment, nor do we comment on whether these claims were sufficiently pleaded.

5

*Seidman & Seidman v. Gee*, 625 So. 2d 1, 3 (Fla. 3d DCA 1992); *see also, e.g., Mesher v. Combs*, 685 So. 2d 1391, 1392 (Fla. 4th DCA 1997) (holding that corporate officers who made material misrepresentations in the sale of securities were jointly and severally liable, along with their corporation under the Florida Securities and Investor Protection Act); *Whigham v. Muehl*, 500 So. 2d 1374, 1381 (Fla. 1st DCA 1987) (holding corporation liable for fraud where the president, director, and shareholder of the corporation negotiated the fraudulent agreement for the sale of stock).

Here, Count I for fraud against Perspective alleged that "[t]he fraudulent conduct of Hooks, John Riggins and Mark Riggins has caused Nguyen to suffer damages, including the loss of her $75,000 payment, and their conduct, which was in the ordinary course of the business of the LLC, is also attributable to the LLC." Perspective argues that Ms. Nguyen failed to preserve this argument because vicarious liability must be pleaded as a separate cause of action. That is true generally. *See Gen. Asphalt Co. v. Bob's Barricades, Inc.*, 22 So. 3d 697, 699 (Fla. 3d DCA 2009) ("Florida law is clear that in order to pursue a vicarious liability claim, the claimant must specifically plead it as a separate cause of action." (citing *Goldschmidt v. Holman*, 571 So. 2d 422, 423 (Fla. 1990))). "However, a careful reading of the Florida Supreme Court's opinion in *Goldschmidt* makes clear this requirement is inapplicable in cases, such as this, involving 'corporate defendants who can commit torts only through their servants or agents' or where an employee/employer relationship is present." *Savoia-Mchugh v. Glass*, No. 19cv2018, 2020 WL 12309558, at *6 (N.D. Fla. Aug. 5, 2020) (quoting *Goldschmidt*, 571 So. 2d at 424 n.3).

6

Ms. Nguyen alleges that Perspective's agents—who wholly controlled Perspective—made misrepresentations of material fact that she relied upon in wiring the $75,000 payment to Perspective. She further alleges that these same individuals, at all relevant times, were members of Perspective and made the misrepresentations in the ordinary course of Perspective's business. In considering these allegations in the light most favorable to Ms. Nguyen, these fraud allegations were adequately pleaded with sufficient specificity to state a cause of action imposing vicarious liability to Perspective for the fraudulent acts of its agents, and therefore, met the threshold to withstand a motion to dismiss.[4] *See Nelson v. Hillsborough County*, 189 So. 3d 1037, 1040 (Fla. 2d DCA 2016) ("In ruling on a motion to dismiss, the trial court must confine itself to the four corners of the complaint, accept the allegations of the complaint as true, and construe the allegations in the light most favorable to the plaintiff." (quoting *Brooke*, 828 So. 2d at 1080)).

Accordingly, we reverse the trial court's dismissal of Ms. Nguyen's fraud claims against Perspective in Count II.

As to the dismissal of Count III for fraud in the sale of a security or solicitation of an investment claim based upon the trial court's reasoning that the $75,000 payment occurred after Ms. Nguyen became a manager/member, Ms. Nguyen maintains that the two events were part of one single, contemporaneous transaction, and therefore the timing of her payment is immaterial.

---

[4] The trial court found that Ms. Nguyen sufficiently pleaded all the elements of fraud against Hooks and the Rigginses, but it dismissed Ms. Nguyen's claim against Perspective because it found that Nguyen failed to "adequately allege bad acts" against Perspective.

Section 517.301(1)(a)1 states that it is a violation to "employ any device, scheme, or artifice to defraud" when selling "any investment or security," even those not required to be registered under chapter 517. The purchase of a membership interest in a limited liability company can be an investment contract[5] under section 517.301.  *See Silberman v. Premier Beauty & Health LLC*, No. 20-21984-CIV, 2023 WL 6064820, at *6 (S.D. Fla. Aug. 31, 2023), *aff'd*, 2023 WL 6064520 (S.D. Fla. Sept. 18, 2023) (holding that "a genuine issue of material fact exists as to whether the membership interest sold to [the plaintiffs] constitutes a security in the form of an investment contract" under section 517.301).

The timing of Ms. Nguyen's payment is a red herring.  Ms. Nguyen alleges in her complaint that the benefit of a membership interest in Perspective was "essential to her decision to send $75,000" to the company's bank account.  Although she signed the operating agreement a few days before she wired the $75,000 to Perspective, she alleges that she wired the money in exchange for the ten percent membership

---

[5] Under section 517.021(23)(q), the definition of a "security" includes an "investment contract," which is an investment in a "common enterprise" with the expectation of profits derived from the efforts of others.  *See Rudd v. State*, 386 So. 2d 1216, 1219 (Fla. 5th DCA 1980) (citing *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946)).  Alleging that defendants pooled funds into a common account can establish a claim of a "common enterprise," and alleging that an investor did not meaningfully participate in the management of a venture or had minimal control of the investment's performance can establish an expectation of profits on the efforts of others.  *See Tippens v. Round Island Plantation, L.L.C.*, No. 09-CV-14036, 2009 WL 2365347, at *9-10 (S.D. Fla. July 31, 2009).  Because Ms. Nguyen alleged that she contributed $75,000 to a Perspective account that contained other company funds and alleged that Perspective's agents represented that they had the skills to profitably operate the venture, Nguyen likely pleaded sufficient facts to establish that her $75,000 contribution was an "investment contract" under chapter 517, although as stated above we do not reach this issue.

interest in the company. Therefore, again considering these allegations in the light most favorable to Ms. Nguyen, Count III for fraudulent sale of an investment against Perspective was sufficiently pleaded, and we reverse the trial court's order dismissing this count. Because the trial court dismissed Ms. Nguyen's claim in Count VI of sale of an unregistered security based on the same timing reasoning, we also reverse the dismissal of that claim against Perspective.

## III.

Turning to the cross-appeal, Perspective argues the trial court had no discretion to deny its motion for attorneys' fees where the operating agreement provides for fees to the prevailing party in an action for the enforcement of rights under the agreement.

The operating agreement states that "[t]he prevailing party shall be entitled to receive reasonable legal fees and costs for the enforcement of any of its rights hereunder." However, neither Ms. Nguyen nor Perspective asserted any rights under the operating agreement in this action. Rather, Ms. Nguyen claimed that Perspective and its members defrauded her into investing in the company, and Perspective moved to dismiss those claims as insufficiently pled. *See W.G. Techs., Inc. v. PC Franchise, Inc.*, 814 So. 2d 458, 459 (Fla. 4th DCA 2001) (holding where "appellant had not prevailed on its contract claims but only on a claim of negligent misrepresentation," the instant action did "not involve the enforcement of the agreement" and the appellant was not entitled to an award of fees under a provision awarding fees incurred to "to enforce the provisions of this Agreement"). The trial court therefore correctly determined that Perspective is not entitled to attorneys' fees under the operating agreement.

9

## IV.

Based on the foregoing, we reverse the trial court's order dismissing Ms. Nguyen's claims of fraud, fraud in the sale of an investment, and sale of an unregistered security against Perspective and affirm the trial court's order insofar as it denied Perspective's request for attorneys' fees.

Reversed in part; affirmed in part.

SILBERMAN and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.