545 So.2d 380 (1989)
Victor ZAKAK and Naqui Zakak, Appellants,
v.
BROIDA AND NAPIER, P.A., a Florida Corporation, Appellee.
No. 88-01456.
District Court of Appeal of Florida, Second District.
May 31, 1989.
Roger C. Benson of Benson and Schwartzberg, P.A., St. Petersburg, for appellants.
Nelly N. Khouzam of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee.
*381 PATTERSON, Judge.
Victor Zakak and Naqui Zakak appeal from an order dismissing with prejudice an action for professional malpractice against Broida and Napier, P.A., as barred by the statute of limitations. We reverse.
In 1984 the appellants retained the law firm of Broida and Napier, P.A. to defend them in a personal injury action brought by Marguerite Fish. During the course of that litigation, attorney Peter E. Napier represented to the other parties that he had authority to settle the case and that the Zakaks would contribute $15,000.00 toward an overall settlement amount of $20,000.00. The plaintiff Fish accepted the offer. The Zakaks refused to contribute the $15,000.00, contending that Napier had no authority to settle on their behalf. Fish then moved for an order enforcing the settlement. The trial court heard the motion on January 15, 1985, and entered an order granting the motion on February 12, 1985. That order provided in part:
3. That the Defendants, VICTOR ZAKAK, NAQUI ZAKAK, and CHOUCRI MATTER, and each of them, shall pay or cause to be paid unto Plaintiff and her counsel of record herein the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) within twenty (20) days from the date hereof, and in default thereof, final judgment for such amount shall be entered against said Defendants, and each of them, plus all costs so taxable.
The Zakaks made no payment, and on October 29, 1985, the trial court entered a final judgment for damages. No appeal was taken from that judgment.
This action for legal malpractice was instituted on February 16, 1987. The defendants moved to dismiss, asserting that the face of the amended complaint established that the two year statute of limitations had run prior to suit being filed. The trial court found that the statute had begun to run with the entry of the February 12, 1985, order and dismissed the action with prejudice.
The operative statute is section 95.11(4), Florida Statutes (1985) which provides in pertinent part:
4) WITHIN TWO YEARS. 
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.
The basis of the trial court's ruling is that the Zakaks' cause of action, if any, accrued with the entry of the February 12, 1985, order confirming settlement. That order, however, was an interlocutory order which contemplated further court action.... i.e., the entry of final judgment which occurred on October 29, 1985. An order does not become final until there is no further judicial labor to perform. Slatcoff v. Dezen, 72 So.2d 800 (Fla. 1954). The trial court had the inherent authority to reconsider and modify or vacate the order confirming settlement at any time up to the point of entry of final judgment. Bettez v. City of Miami, 510 So.2d 1242 (Fla. 3d DCA 1987). Therefore, although the Zakaks knew that their liability was probably fixed on February 12, 1985, such liability did not become a confirmed fact until the entry of final judgment. A period of limitations does not begin to run until there is in existence a fully matured cause of action which may be prosecuted. § 95.031(1), Fla. Stat. (1985). So long as the order confirming settlement remained subject to reconsideration, the Zakaks could not possess a matured cause of action which would commence the running of the statute.
Unless the facts of the case clearly show that the legal malpractice was or should have been discovered at an earlier date[1], when a cause of action for legal malpractice is predicated on errors or omissions committed in the course of litigation, the statute of limitations does not begin to run until that litigation is concluded by final judgment, or if appealed, until a final appellate decision is rendered. Haghayegh *382 v. Clark, 520 So.2d 58 (Fla. 3d DCA 1988); Richards Enterprises, Inc. v. Swofford, 495 So.2d 1210 (Fla. 5th DCA 1986), cause dismissed, 515 So.2d 231 (Fla. 1987). In this case the statute commenced to run on October 30, 1985, and the Zakaks filed their complaint well within the limitations period.
Reversed and remanded with instructions to reinstate the Zakaks' second amended complaint.
DANAHY, A.C.J., and LEHAN, J., concur.
NOTES
[1] See Sawyer v. Earle, 541 So.2d 1232 (Fla. 2d DCA 1989).