682 So.2d 597 (1996)
Lillian R. ABBOTT; Homer L. Ache; Betty M. Adkins; Elaine Altenburger; William Alvarez; Fay Argy; Donald W. Arthur; Robert E. Barto; Stanley Bartosik; Alex Basarab; Dale Bayman; Olga C. Bead; Charles W. Becker; Robert H. Beebe; William W. Bell; Isabelle Berg; Walter Berg; Leslie A. Berger; William D. Bird, Sr.; Marian W. Booth; Viola Boughton; Joseph S. Boyer; Vincent W. Boyle; Rose M. Bransom; Howard T. Brennan; Calvin Brown; Mary Ruth Brown; Roena E. Brown; Evelyn H. Bull; Florence T. Bunch-Rhoten; Guy C. Burns; Marshell K. Byrd, Sr.; Rosa M. Calvetto; Dominic V. Capone; Bernard T. Casper; Dennis Chamberlain; Pearl A. Charlton; H.E. Clark; Sidney W. Clark; Mary F. Cleaveland; Ann Colvin; Carpet Concepts, Inc.; William D. Cook; Gene W. Coon; Alice N. Cope; Harry Cope; Charles Corman; J.V. Cox; Ida Cullen; Merten Davenport; Dorothy M. Davis; Frederick H. Davis; Homer W. Davis; Florence Dawkins; Marvin Dawkins; Harry De Baene; Earl E. De Boy; Lucile S. De Mott; Walter C. Dean; Raymond E. Dennis; J. Desmond; Nick J. Drabick; Emmett A. English; Arnold Espeland; Richard Fenley; First Baptist Church, Gibsonton, c/o Pastor Clemons; Ruth Fish; Marjorie W. Flournoy-Stevenson; Columbus Franklin, Jr.; Lyle Frazier Estate; Arthur R. Furst; Delores H. Gacesa Young; Robert Gaffney; Marjane Gaston; Inez Gell; Glenn W. Gergen; Margaret F. Gerrior; Mary Gibson; Henry M. Gilliam; Kenneth Gipe; Van Gore; Mary Grantham Parsons; Lawrence Groom; Mrs. Charles Gutermuth; Lawrence C. Haag; Leroy Halbrook; Clark Hall; Robert Hancock; Edwin Hansen; Nancy Hansen; Claire Harbot; Fred A. Hardy; David Hargrave; Dorothy Harlow; Lois Harris; Esther Hauck; Louis Hecker; John Henshaw; Pauline Hicks; Todd Hicks, Sr.; Mailene Hippensteel; Louis Hoffman; George Hopper; Frank Hotfelder; Marian Houghkerk; Bernice Howard; Roy Howell; Violet M. Hoyt; Margaret Hudgins; Alfred Hyde; Maley Irelan; Darlene Janis; Samuel Jarkow; Earl M. Johnson; Arthur Kain; Edward Kaminski; Mildred Keller; Alton Kennedy; Clyde Ketchum; Norman Kline; Esther Koenig; Glen Kuehnle; Elly Kuranuki; William Lacker; Andrew Leer; John J. Madigan; Marion F. Major; Charles Malkus; Verl E. Mangas; Brian S. Martel; Angelo Martella; Homer J. Masculine; George Mason; Helen Meachim; Elsa Meighen; Chris Melonson; Edward Merritt; Joseph Michalski; William Mikell; Alice Monks; Marvin Moultrie; James Moore; James McGarry; Peter Nadolski; Martha Nagy; Lillian Nelson; Mae Newsome; Millard Nicholson; Charles Niemi; Akram Niroomand; Kenneth A. Norman; Michael O'Malley; Mary O'Shea; Bernard A. Olszewski; Lois H. Osborn; Alice Parrilli; Mary Parsons; Rose Piehl; Richard Pierce; Betty Jane Podwell; Larry Polk; Stanley L. Pollock; Mildred Polyard; Evelyn Potter; Cornelia Pound; Walter Rachels; Arthur Rainville; Emma Rand; Lonnie Ratley; Helen Rice; Ruby Roberts; William Rock; Philip Rocks; John Rodgers; Nancy Royal; John Royes; Mary B. Rudolph; Risto Rundo; Gigi Saieva; Mildred Sapp Amsden; Mary Scheiner; Lee Schlee; John Schnirel; Robert L. Schoeneberge; Carl Schofield; William Sheppard; John Shimek; Herbert Sieloff; Ida Siemers; Bernice Sigety; Jacqualine Sobel; Raymond Splinter; William St. Lawrence; Martin Stapleton; John Stemen; Margaret Sterbutzel; Earl W. Stern; Ray E. Stewart; Nellie Stich; James Stinson; Blanche Stock; Carol Stoetzel; Mary Jo Stonek; Louise Strand; S.A. Suggs; Jean Sullivan; Harry Swain; Owen Sweeney; Frederick Swensen; Bennie H. Taylor; Jennie Taylor; Charles Temple; Phillip Thomas; Irene Toth; Edward Trzepacz; Everett Van Alstyne; Lois Van Deren; William Verhoven; Edward Wagner; William Wahl; Raymond Wahlen; Esther H. Waters Hagstorm; Joseph Warnick; Raymond Weber; Mable Weil; Philip Weinstein; Willis Wesper; Jean Wile; Frank Wing; Eleonore Young; Morris Young; and Rudy Zumanpo, Appellants,
v.
Lesley J. FRIEDSAM, Appellee.
No. 95-02454.
District Court of Appeal of Florida, Second District.
October 25, 1996.
*598 Chester L. Skipper and Jesse L. Skipper of the Skipper Law Firm, and Clayton T. Joy, St. Petersburg, for Appellants.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for Appellee.
SCHEB, JOHN M., Senior Judge.
The appellants, plaintiffs below, challenge the trial court's entry of a final summary judgment for the appellee, defendant below, Lesley J. Friedsam, in a suit alleging legal malpractice. We find Friedsam did not conclusively establish that there was no genuine issue of material fact related to the claims alleged against her. Accordingly, we reverse.
*599 In 1994 Lillian Abbott and 233 other plaintiffs filed a malpractice action against their former attorneys, Arnold Levine and the Levine law firm, whom they had retained in 1986 to prosecute a securities fraud suit. The plaintiffs alleged they were the firm's clients until early 1994 and should have received a greater award of damages but for their attorneys negligently failing to obtain substitute service of process on six defendants and failing to prosecute the lawsuit against five other defendants, most or all of whom had defaulted. In an amended complaint filed in January 1995, the plaintiffs joined Friedsam as an additional defendant because she was formerly associated with the Levine firm. The plaintiffs alleged in the amended complaint that Friedsam had handled the day-to-day conduct of their securities litigation before she left the firm in 1988.
Before answering the amended complaint Friedsam moved for summary judgment on statute of limitations grounds. In support of her motion she filed her affidavit which stated essentially that she left the employ of the Levine firm in March 1988 and had had no contact with the plaintiffs or their securities lawsuit since her departure.
Of the 234 plaintiffs only two, James Hansen and G.V. Wingate, who are not appellants here, filed affidavits opposing Friedsam's motion. In their affidavits Hansen and Wingate stated they were the class representatives in the securities litigation handled by the Levine firm and that, after class certification was denied, they continued to serve as representatives of all 234 plaintiffs and were so recognized by the Levine firm. They further stated that all significant communications between the Levine firm and the plaintiffs passed through them as intermediaries. Hansen and Wingate also claimed that they discharged the Levine firm by letter on March 24, 1994,[1] from representing the plaintiffs in the proceedings which had by now progressed to a claim pending on the Securities Guaranty Fund. The Levine firm refused to recognize Hansen's and Wingate's authority to discharge them and declined to withdraw from representation. After soliciting and receiving duly executed powers of attorney from 210 other plaintiffs, Hansen and Wingate again attempted to discharge the Levine firm by letter on May 26, 1994. The Levine firm responded by letter that it refused to withdraw but would henceforth take no action regarding the proceedings; the Levine firm also placed a charging lien on the Securities Guaranty Fund award before it was finalized in April 1995. The Hansen and Wingate affidavits were accompanied by all supporting documents to which they had referred. No competing affidavits contested Hansen's and Wingate's statements. The trial court granted Friedsam's motion in part and entered final summary judgment in her favor and against all plaintiffs except Hansen and Wingate.
The appellants contend the trial court erred in ordering summary judgment because Friedsam's affidavit simply stated that she had no contact with the plaintiffs or the securities litigation since March 1988. Thus, the appellants argue, Friedsam failed to conclusively show that the two-year statute of limitations under section 95.11(4)(a), Florida Statutes (1993), had run after the plaintiffs discovered or should have discovered their cause of action for professional malpractice. See Green v. Bartel, 365 So.2d 785 (Fla. 3d DCA 1978). The appellants claim that the two affidavits, essentially unrebutted by Friedsam, included statements which at the very least raised doubts as to whether they, the remaining plaintiffs, discovered or should have discovered their cause of action against the Levine firm before the expiration of the statute of limitations.
When Friedsam moved for summary judgment, she had the burden to show conclusively *600 that there was no genuine issue of fact that the statute of limitations had expired before the filing of the amended complaint in January 1995 naming her as a defendant. Her affidavit merely stated in regard to this issue that she had left the employ of the Levine firm in March 1988 and had had no contact with the plaintiffs or their suit since that time. These statements do not conclusively show when all the plaintiffs knew or should have known that they had a cause of action so as to trigger the running of the statute of limitations. Until Friedsam by competent proof conclusively showed when the statute began to run and that it had in fact expired before the appellants filed their amended complaint, the appellants had no obligation to come forward with any proof. Green v. Adams, 343 So.2d 636 (Fla. 4th DCA), cert. denied, 353 So.2d 673 (Fla.1977). Therefore, the trial court erred in entering summary judgment.
Although not necessary to our resolution of this case, we note in passing that the trial court correctly denied summary judgment against Hansen and Wingate. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989); Snyder v. Cheezem Dev., 373 So.2d 719 (Fla. 2d DCA 1979). The trial court apparently accepted their affidavits as disclosing a fact issue or at least raising a doubt as to when Hansen and Wingate discovered or should have discovered a cause of action against the Levine firm. The Hansen and Wingate affidavits stated, without rebuttal, that Hansen and Wingate served as intermediaries between the Levine firm and the numerous claimants who retained the Levine firm to represent them in the securities litigation. These statements, accepted as sufficient by the trial court as to Hansen and Wingate vis-a-vis the statute of limitations issue, created or at least raised a doubt as to the same issue between the appellants and Friedsam, i.e., when all other plaintiffs, appellants here, discovered or should have discovered their cause of action.
In view of our decision, and the present state of the record, we do not reach the other points raised by the appellants.
We vacate the summary judgment, reverse the cause, and remand for further proceedings.
FRANK, A.C.J., and PARKER, J., concur.
NOTES
[1] Although not necessary to our determination, we note that in Florida the statute of limitations for legal malpractice generally does not begin to run while the attorney continues to represent the client or until the legal proceeding which underlies the malpractice claims has been finalized, by appeal if necessary, so that the client has notice of all elements of his or her cause of action, including damages. See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla.1990); Keller v. Reed, 603 So.2d 717 (Fla. 2d DCA 1992); Zakak v. Broida & Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989); Birnholz v. Blake, 399 So.2d 375 (Fla. 3d DCA 1981); Wilder v. Meyer, 779 F.Supp. 164 (S.D.Fla.1991).