721 So.2d 1173 (1998)
Art SILVESTRONE, Petitioner,
v.
Marc Z. EDELL, et al., Respondents.
No. 91,953.
Supreme Court of Florida.
December 17, 1998.
*1174 Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, Florida, Barrett, Chapman & Ruta, P.A., Orlando, Florida, and William L. Summers of Summers, Anthony & Vargas, Cleveland, Ohio, for Petitioner.
Darryl M. Bloodworth, and Nichole M. Mooney of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, Florida, for Respondents.
HARDING, C.J.
We have for review Silvestrone v. Edell, 701 So.2d 90 (Fla. 5th DCA 1997), which expressly and directly conflicts with the opinion in Zakak v. Broida & Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989), on the issue of whether the two-year statute of limitations for legal malpractice, in a litigation context, begins to run when the verdict is rendered or when final judgment is entered.[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. For the reasons expressed below, we quash the decision below and remand for proceedings consistent with this opinion.
The facts of Silvestrone are as follows. Marc Edell represented Art Silvestrone in a federal antitrust action. Glenn Teal was a coplaintiff in this action. On February 27, 1990, the jury returned a verdict and awarded Silvestrone $3,777.50 in damages, but awarded no damages to Teal. Over the next two years, posttrial motions were filed, including Silvestrone's motion for attorney's fees and coplaintiff Teal's motion for a new trial and additur. Final judgment was rendered on February 4, 1992. The trial court trebled the jury's award to Silvestrone, awarding him $11,332.50 in damages plus $228,973.11 in attorney's fees and costs. The court awarded Teal $29,328.64 in attorney's fees and costs, but denied his motion for a new trial and additur. Neither Silvestrone nor Teal appealed the final judgment.
Silvestrone subsequently filed a legal malpractice claim against Edell on January 19, 1993, because he was unhappy with Edell's performance during the course of the antitrust action. This claim was filed less than one year after final judgment was entered but more than two years after the jury verdict was rendered. The trial court granted Edell's motion for summary judgment on the basis that the two-year statute of limitations period had expired. On appeal, the Fifth District Court of Appeal affirmed, holding that the statute of limitation began to run when the jury returned its verdict, because it was at that point that Silvestrone knew about the allegedly insufficient damage award and any malpractice which may have caused it. See Silvestrone, 701 So.2d at 91.
Zakak v. Broida & Napier, P.A., 545 So.2d 380 (Fla. 2d DCA 1989) is also a case involving malpractice arising out of litigation. In Zakak, the trial court granted a motion for an order enforcing settlement on February 12, 1985. Final judgment related to this order was entered on October 29, 1985. No appeal was taken from that judgment. On February 16, 1987, less than two years after final judgment was entered but more than two years after the order confirming settlement was granted, a legal malpractice claim was filed against the trial attorney for exceeding his authority to enter into a settlement agreement. The defendant attorney moved to dismiss the suit asserting that the *1175 two-year statute of limitations had run. The trial court found that the statute had begun to run with the entry of the order confirming settlement on February 12, 1985, and dismissed the action with prejudice.
In reversing the trial court and remanding with instructions to reinstate the complaint, the Second District Court of Appeal held that the statute of limitations did not start to run until final judgment was entered by the trial court. The Second District Court of Appeal reasoned that because the "trial court had the inherent authority to reconsider and modify or vacate the order confirming settlement at any time up to the point of entry of final judgment," the cause of action did not mature until the trial court entered final judgment. Zakak, 545 So.2d at 381.
The law is not clear as to when the limitations period for legal malpractice in a litigation-related context begins to run. Section 95.11(4)(a), Florida Statutes (1997), provides in pertinent part:
Actions other than for recovery of real property shall be commenced as follows:
(4) WITHIN TWO YEARS.
(a) An action for professional malpractice... whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.
After reviewing this section, we agree with the reasoning of the Second District Court of Appeal that when a malpractice action is predicated on errors or omissions committed in the course of litigation, and that litigation proceeds to judgment, the statute of limitations does not commence to run until the litigation is concluded by final judgment. To be specific, we hold that the statute of limitations does not commence to run until the final judgment becomes final.[2]
To be liable for malpractice arising out of litigation, the attorney must be the proximate cause of the adverse outcome of the underlying action which results in damage to the client. See Sure Snap Corp. v. Baena, 705 So.2d 46, 48 (Fla. 3d DCA 1997). Since redressable harm is not established until final judgment is rendered, see Chapman v. Garcia, 463 So.2d 528, 529 (Fla. 3d DCA 1985) (holding that plaintiffs could not sue attorneys for legal malpractice so long as underlying medical malpractice action, out of which legal malpractice claim arose, was still pending in trial court or on appeal); Abbott v. Friedsam, 682 So.2d 597, 600 n. 1 (Fla. 2d DCA 1996) (stating in dicta that statute of limitations for legal malpractice generally does not begin to run until legal proceedings underlying malpractice claim have been finalized, by appeal if necessary), a malpractice claim is hypothetical and damages are speculative until the underlying action is concluded with an adverse outcome to the client.
In the instant case, because various postverdict motions were filed, final judgment was not entered until almost two years after the jury verdict. Since the trial court retains inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action, see North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 851 (Fla.1962); Hunter v. Dennies Contracting Co., 693 So.2d 615, 616 (Fla. 2d DCA 1997), the motion for a new trial filed by the coplaintiff, if granted, could have affected Silvestrone's rights and liabilities. Therefore, Silvestrone's rights or liabilities were not finally and fully adjudicated until the presiding judge resolved these matters and recorded final judgment and this final judgment became final.
We therefore hold, in those cases that proceed to final judgment, the two-year statute of limitations for litigation-related malpractice under section 95.11(4)(a), Florida *1176 Statutes (1997), begins to run when final judgment becomes final. This bright-line rule will provide certainty and reduce litigation over when the statute starts to run. Without such a rule, the courts would be required to make a factual determination on a case by case basis as to when all the information necessary to establish the enforceable right was discovered or should have been discovered.
Accordingly, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] Petitioner also alleges express and direct conflict with Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla.1990); however, Peat, Marwick is distinguishable because it involves transactional malpractice. We disagree with the Fourth District Court of Appeal in Roger Zitrin, M.D., P.A. v. Glaser, 621 So.2d 748 (Fla. 4th DCA 1993), that Peat, Marwick involves litigation-related malpractice.
[2] For instance, a judgment becomes final either upon the expiration of the time for filing an appeal or postjudgment motions, or, if an appeal is taken, upon the appeal being affirmed and either the expiration of the time for filing motions for rehearing or a denial of the motions for rehearing.