783 So.2d 224 (2001)
GILBRIDE, HELLER & BROWN, P.A., et al., Petitioners,
v.
Floyd WATKINS, Respondent.
No. SC00-657.
Supreme Court of Florida.
March 22, 2001.
*225 Pamela A. Chamberlin and Isaac J. Mitrani of Mitrani, Rynor, Adamsky, Macaulay & Zorrilla, P.A., Miami, FL; and Pamela I. Perry and Michael Nachwalter of Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, P.A., Miami, FL, for Petitioners.
Franklin L. Zemel and Teri L. Di Giulian of Broad and Cassel, Fort Lauderdale, FL, for Respondent.
HARDING, J.
We have for review a decision on the following question certified to be of great public importance:
WHERE REVIEW OF A DISTRICT COURT DECISION IN AN ACTION UNDERLYING A LEGAL MALPRACTICE CLAIM IS SOUGHT IN THE FLORIDA SUPREME COURT, DOES THE TWO-YEAR STATUTE OF LIMITATIONS PERIOD OF SECTION 95.11(4)(a), FLORIDA STATUTES, BEGIN TO RUN FROM THE DATE THE DECISION BECOMES FINAL BY THE SUPREME COURT'S RESOLUTION OF THAT REVIEW, OR DOES THE PERIOD RUN FROM THE DATE OF THE DISTRICT COURT'S MANDATE?
Watkins v. Gilbride, Heller & Brown, P.A., 754 So.2d 759, 763 (Fla. 3d DCA 2000). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. For the reasons expressed below, we hold that the statute of limitations begins to run from the date the decision becomes final by this Court's resolution of the case.
The facts of this case, as set forth by the district court, are as follows:
This malpractice action arises out of a lawsuit brought by NCNB National Bank of Florida [NCNB] against Watkins. Watkins hired [Gilbride, Heller & Brown (GHB)] to defend him against NCNB's action, and to file a counter-claim for damages. Watkins lost the NCNB litigation. An appeal was taken to this court which affirmed the trial court's decision, and on September 21, 1993, denied Watkins' subsequent request for rehearing. See Watkins v. NCNB Nat'l Bank of Fla., N.A., 622 So.2d 1063 (Fla. 3d DCA 1993). Watkins then hired new counsel who sought review by a petition for writ of certiorari to the Florida Supreme Court, which petition was denied by that court on January 14, 1994. See Watkins v. NCNB Nat'l Bank of Fla., N.A., 634 So.2d 629 (Fla.1994).
On January 12, 1996, just shy of two years after the supreme court's action, Watkins filed a malpractice claim against GHB. The trial court granted summary judgment in favor of GHB finding the two-year statute of limitations began to run on the date we denied rehearing (September 21, 1993) and expired on September 21, 1995, thus the claim was barred.
Id. at 760. On appeal, the district court reversed, concluding that the statute of limitations began to run only after this Court denied Watkins' petition for review (January 14, 1994). The district court relied on this Court's previous opinion in Silvestrone v. Edell, 721 So.2d 1173 (Fla. 1998), wherein we held that
when a malpractice action is predicated on errors or omissions committed in the course of litigation, and that litigation proceeds to judgment, the statute of limitations does not commence to run until the litigation is concluded by final judgment. To be specific, we hold that the statute of limitations does not commence to run until the final judgment becomes final.
Id. at 1175.
We agree with the court below that, for the purposes of determining when *226 the limitations period begins to run, "a final judgment is not final until a timely filed appeal to, or petition for review by, the supreme court is resolved." Watkins, 754 So.2d at 762. See also Chapman v. Garcia, 463 So.2d 528, 529 (Fla. 3d DCA 1985) ("[U]ntil the Florida Supreme Court resolves the issue if further review is soughtthe question has not been resolved to finality."); Wilson v. Clark, 414 So.2d 526, 530 (Fla. 1st DCA 1982) ("[A]n action continues to have life ... until a timely filed petition for review in the Florida Supreme Court is acted upon"). This conclusion is consistent with the purposes of the bright-line rule announced in Silvestrone: to provide certainty and reduce litigation concerning when the statute starts to run. See 721 So.2d at 1176. Accordingly, we approve the result below.
It is so ordered.
WELLS, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.