828 So.2d 1078 (2002)
Mark BROOKE, Appellant,
v.
SHUMAKER, LOOP & KENDRICK, LLP, and William E. Curphey, individually, and as agent of Shumaker, Loop & Kendrick, LLP, Appellees.
No. 2D01-5753.
District Court of Appeal of Florida, Second District.
October 25, 2002.
*1079 Peter J. Brudny of the Law Offices of Peter J. Brudny, Tampa, and J. Benton Stewart, II, of Stewart Law Group, Tampa (withdrew after briefing); Tricia B. Valles and Roland J. Lamb of Hahn, Morgan & Lamb, P.A., Tampa (substituted as counsel of record), for Appellant.
Richard M. Zabak of Gray, Harris & Robinson, P.A., Tampa, for Appellees.
SCHEB, JOHN M., Senior Judge.
Appellant Mark Brooke filed a complaint alleging a cause of action for legal malpractice against appellees Shumaker, Loop & Kendrick, LLP (the firm) and attorney William E. Curphey (Curphey). The trial court dismissed Brooke's complaint with prejudice on the ground that it showed on its face that the cause of action was barred by the applicable two-year statute of limitations. See § 95.11(4)(a), Fla. Stat. (2000). We reverse.
On June 8, 2001, Brooke filed a six-count complaint. For purposes of this appeal, the relevant allegations of Brooke's complaint are that Brooke retained the firm to represent him and his corporation in connection with a suit Brooke's former employer, TotalTape, Inc., filed against him in May 1997. In the course of the firm's representation, Curphey advised Brooke to allow a default judgment to be taken against him and then to file bankruptcy to be relieved of that judgment. He followed Curphey's advice, and on November 10, 1998, the trial court entered judgment against Brooke and his corporation for $1,727,180.50 plus interest. In January 1999 Brooke retained new counsel to file bankruptcy proceedings on his behalf. On February 9, 2000, the bankruptcy court issued an order that the judgment against him was not dischargeable, thereby finalizing the legal injury he sustained.
In their motion to dismiss Brooke's complaint, the firm and Curphey pointed out that TotalTape's judgment against Brooke was entered on November 10, 1998, and became final thirty days thereafter, but that Brooke's complaint was not filed until June 8, 2001. The statute of limitations for a suit for legal malpractice begins to *1080 run from "the time the cause of action is discovered or should have been discovered with the exercise of due diligence." § 95.11(4)(a), Fla. Stat. (2000). The firm and Curphey argued that the statute began to run on December 10, 1998, and any cause of action was barred by the two-year limitations period in section 95.11(4)(a).
The trial court entered a final order of dismissal with prejudice, relying on Silvestrone v. Edell, 721 So.2d 1173 (Fla.1998). In Silvestrone, which involved litigation malpractice, the Florida Supreme Court held that "in those cases that proceed to final judgment, the two-year statute of limitations for litigation-related malpractice under section 95.11(4)(a), Florida Statutes (1997), begins to run when final judgment becomes final." Id. at 1175-76. Such a bright-line rule, the court indicated, would provide certainty and reduce litigation over the question of when the statute begins to run in litigation malpractice cases.
Brooke acknowledges that the two-year statute of limitations for legal malpractice begins to run when he knew or should have known of the injury of which he complains. He points out, however, that generally a cause of action for malpractice does not accrue until the existence of a redressable harm or injury has been established. See Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990). He argues that here the alleged act of malpractice was the firm's advice that he allow the suit by his former employer to proceed to a judgment against him by default and that the judgment would be dischargeable in bankruptcy. Therefore, he contends that until February 9, 2000, when the bankruptcy court ruled that the judgment was not dischargeable, there was no redressable injury.
In ruling on a motion to dismiss, the trial court must confine itself to the four corners of the complaint, accept the allegations of the complaint as true, and construe the allegations in the light most favorable to the plaintiff. Hosp. Constructors Ltd. v. Lefor, 749 So.2d 546 (Fla. 2d DCA 2000). The defendant may raise the statute of limitations in a motion to dismiss only when the violation of the statute of limitations appears on the face of the complaint and its attachments. Koehler v. Merrill Lynch & Co., 706 So.2d 1370 (Fla. 2d DCA 1998). This court's standard of review regarding the trial court's decision to grant a motion to dismiss is de novo. Value Rent-A-Car, Inc. v. Grace, 794 So.2d 619 (Fla. 2d DCA 2001). Upon our de novo review, we determine that Silvestrone is inapplicable to the allegations at issue here. Silvestrone dealt with litigation malpractice. Understandably, a party claiming malpractice in litigation should know of any injury when the adverse judgment becomes final. Here, however, Brooke alleges that he was advised to take a default and allow a final judgment to be entered and that the judgment would be dischargeable in bankruptcy proceedings. Until he learned that the judgment against him was not dischargeable in bankruptcy, he had no more than an expectancy of a cause of action. Therefore, we reverse the dismissal of Brooke's complaint based on the trial court's determination that the statute of limitations barred his action and remand for further proceedings consistent with this opinion.
Reversed and remanded.
CASANUEVA and SILBERMAN, JJ., Concur.