931 So.2d 1073 (2006)
INTEGRATED BROADCAST SERVICES, INC., Appellant,
v.
Steven J. MITCHEL and Schell, Quillin, Mitchel & Cooley Law Firm, LLP, Appellees.
No. 4D05-1157.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
John G. Crabtree of John G. Crabtree, P.A., Key Biscayne, and John W. Conness of the Law Offices of John W. Conness, P.A., Pompano Beach, for appellant.
Daniel L. Saxe of Saady & Saxe, P.A., Lutz, for appellees.
*1074 KLEIN, J.
Defendants Mitchel and his law firm represented appellant, who is the plaintiff in this case, in a federal lawsuit in which the other side prevailed. After the adverse judgment in that case, the federal court imposed sanctions on plaintiff in the form of a money judgment. In this case, plaintiff has alleged that former counsel were the cause of the sanctions and seeks damages against them. The trial court granted defendants' motion for summary judgment on the ground that the statute of limitations for legal malpractice ran from the entry of the final judgment in federal court, rather than from when the subsequent sanction judgment became final. We reverse.
In the original litigation the federal district court entered a final summary judgment against Integrated, which was appealed and affirmed by the eleventh circuit on March 16, 2001. During the pendency of that appeal the defendants in the federal case moved for sanctions against Integrated and Mitchel, their counsel. Mitchel withdrew as counsel and then settled with the federal defendants, but the federal district court awarded sanctions against Integrated in the amount of $48,027.86. The sanction judgment was entered on May 24, 2001, and appealed to the eleventh circuit, but was ultimately settled which resulted in a dismissal of the sanction proceedings on January 7, 2003.
The period of limitations for legal malpractice is two years, section 95.11(4)(a), Florida Statutes (2003). This suit for legal malpractice, alleging that Mitchel was the cause of the sanctions, was filed more than two years after the federal court judgment in the underlying litigation became final, but within two years of the judgment for sanctions becoming final.
In order to be liable for malpractice resulting from litigation, the lawyer "must be the proximate cause of the adverse outcome of the underlying action which results in damage to the client." Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla.1998). Because the damages caused by the sanctions did not exist at the time the judgment became final in the underlying litigation, the trial court erred in concluding that the cause of action for legal malpractice for the sanctions accrued before the judgment for sanctions became final.
We have not overlooked defendants' argument that plaintiff's complaint, when defendants' motion for summary judgment was heard, alleged negligence causing the adverse judgment in the underlying law suit, and barely mentioned the sanctions. Plaintiff did, however, argue in its memorandum opposing the motion for summary judgment that the defendants had negligently caused the sanctions. Plaintiff also moved to amend to more definitely describe the sanctions and the relevant dates after the court announced it was granting summary judgment, but before a final judgment had been entered. The court should have granted the request to amend. Karn v. Coldwell Banker Residential Real Estate, Inc., 705 So.2d 680 (Fla. 4th DCA 1998) (the trial court abused its discretion in not allowing plaintiff to amend by way of motion for rehearing of order granting summary judgment).
The summary judgment is affirmed as it relates to plaintiff's claims other than the damages resulting from the sanctions, but is reversed in order for plaintiff to file an amended complaint limited to damages caused by the sanctions.
POLEN and SHAHOOD, JJ., concur.