PERRY, J.,
concurring in part and dissenting in part.
I agree with the present majority opinion to the extent it holds that the portion of TSE’s malpractice claim involving TSE’s attorney fees and expenses is barred, but I disagree to the extent it holds that the portion involving Frank-lynn’s fees and expenses is not barred. I would remand for reinstatement of the trial court’s order of summary judgment barring TSE’s malpractice claim in its entirety.
A. The Malpractice Claim
The trial court entered judgment for Franklynn in the patent case on October 24, 2001. TSE filed timely motions for judgment as a matter of law and for a new trial, and Franklynn filed a motion for attorney fees and expenses as the prevailing party under the applicable statute. See 35 U.S.C. § 285 (2006) (“The court in exceptional cases may award reasonable attorney fees to the prevailing party [in patent infringement cases].”). On August 16, 2002, the court entered two orders. One order disposed of TSE’s motions, denying all but one of TSE’s claims. TSE *49 did not appeal this order, and the judgment became final for purposes of appeal thirty days later, on September 16, 2002. The other order awarded attorney fees and expenses to Franklynn, and directed Franklynn to file a revised statement of fees and expenses so the amount could be calculated. The court reasoned that Franklynn, as the prevailing party, was entitled to attorney fees and expenses because TSE’s vice president had engaged in deceptive conduct both prior to and during trial, and that absent this conduct a costly jury trial probably would have been avoided.
The parties on October 10, 2002, entered into a confidential settlement agreement and filed a joint stipulation of dismissal with prejudice as to the underlying patent case, and although this stipulation had no effect on the patent decision, which was final at that point, the private agreement fixed the amount of Franklynn’s fees and expenses. On October 5, 2004, TSE filed a malpractice claim against Larson seeking (a) reimbursement for its own attorney fees and expenses in the patent case, and (b) reimbursement for Franklynn’s attorney fees and expenses in the same case, for which TSE was liable. Larson moved for summary judgment based on the two-year statute of limitations, and the court granted the motion, ruling that the statute of limitations began to run on September 16, 2002, when TSE’s post-trial motions were resolved and no appeal was taken. The district court reversed, holding that the statute of limitations did not begin to run until entry of the parties’ joint stipulation on October 10, 2002.
B. The Applicable Law
Statute of limitations issues in litigation-related legal malpractice claims in Florida are governed by two main authorities. First, section 95.11, Florida Statutes (2002), sets forth a two-year limitations period for the filing of such claims. See § 95.11(4)(a), Fla. Stat. (2002). The commencement of this period, however, is contingent on the discovery of the claim:
Actions other than for recovery of real property shall be commenced as follows:
[[Image here]]
(4) Within two years.—
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
§ 95.11, Fla. Stat. (2002) (emphasis added).
And second, the Court in Silvestrone v. Edell, 721 So.2d 1173 (Fla.1998), addressed the above discovery requirement and established a bright-line rule:
We therefore hold, in those cases that proceed to final judgment, the two-year statute of limitations for litigation-related malpractice ... begins to run when final judgment becomes final. This bright-line rule will provide certainty and reduce litigation over when the statute starts to run. Without such a rule, the courts would be required to make a factual determination on a case by case basis as to when all the information necessary to establish the enforceable right was discovered or should have been discovered.
Silvestrone, 721 So.2d at 1175-76. The Court was clear in its meaning of the term “final”:
[A] judgment becomes final either upon the expiration of the time for filing an appeal or postjudgment motions, or, if an appeal is taken, upon the appeal be *50 ing affirmed and either the expiration of the time for filing motions for rehearing or a denial of the motions for rehearing.
Id. at 1175 n. 2.
C. The Present Case
Applying the above law to the present case, I would remand for reinstatement of the trial court’s order of summary judgment. Under the bright-line rule of Sil-vestrone, the statute of limitations for TSE’s malpractice claim began to run on September 16, 2002, when the trial court’s judgment in the patent case became final for purposes of appeal. At that point, all the alleged acts of malpractice had occurred,[9] the malpractice cause of action had accrued,[10] and the malpractice cause of action had been “discovered” for section 95.11(4)(a) purposes, as explained below.
Under Silvestrone, the section 95.11(4)(a) discovery requirement is satisfied when a court issues its final judgment on the merits in the underlying case and that judgment (a) is adverse to the client, and (b) results in damage to the client, and (c) is final for purposes of appeal. Silvestrone, 721 So.2d at 1175-76. At that point, the client suffers redressable harm in the form of the final judgment and, based on that harm, the client is imputed with “discovery” of the malpractice cause of action under section 95.11(4)(a). In the present case, the court’s final judgment on the merits in the patent case was adverse to TSE, resulted in damage to TSE, and became final for purposes of appeal on September 16, 2002. At that point, TSE suffered redressable harm in the form of the final judgment and, based on that harm, TSE was imputed with discovery of the malpractice cause of action under section 95.11(4)(a). The statute of limitations began to run at that point.
I disagree with the present majority opinion in two respects. First, the majority opinion holds that the limitations period for the portion of TSE’s malpractice claim involving Franklynn’s attorney fees and expenses did not begin to run until October 10, 2002, when the parties entered their settlement agreement and TSE suffered redressable harm with respect to those fees and expenses. I respectfully disagree. As a result of the adverse judgment in the patent case, TSE had suffered redressable harm with respect to its omi attorney fees and expenses nearly a month earlier, on September 16, 2002, when the case became final. The fact that TSE later suffered additional damages from the *51 same alleged acts of malpractice is irrelevant to the running of the statute of limitations. The Court in City of Miami v. Brooks, 70 So.2d 306 (Fla.1954), stated the general rule in this area:
The general rule, of course, is that where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.
Id. at 308 (emphasis added). Or, more succinctly: “[T]he statute [of limitations] must be held to attach when the plaintiff was first ‘put upon notice or had reason to believe that [the] right of action had accrued.” Id. at 309 (emphasis added).
This general rule, which is termed the discovery rule, was adopted by the Court in Brooks and has been operative in Florida ever since, for over half a century. See Hearndon v. Graham, 767 So.2d 1179 (Fla.2000). In 1974, the Legislature codified the rule specifically for professional malpractice claims in section 95.11(4)(a), see ch. 74-382, § 7, at 1211, Laws of Fla., and the language of this statute could not be clearer in this respect: “[T]he period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.” § 95.11(4)(a), Fla. Stat. (2002) (emphasis added). Neither the statute itself nor Silvestrone, wherein the Court interpreted the statute, says anything about the limitations period being further delayed by the subsequent discovery of additional damages. This statutory discovery rule falls squarely within the legislative prerogative, and the intent of the Legislature is clear in the plain language of the statute. I conclude that, under the discovery rule, the statute of limitations for TSE’s entire malpractice claim began to run on September 16, 2002, when TSE was imputed with discovery of the cause of action under the bright-line rule of Silvestrone.
And second, the present majority opinion holds that the portion of TSE’s malpractice claim involving Franklynn’s attorney fees and expenses is an independent cause of action — and thus subject to its own limitations period — because the damages arising from that portion of the claim are “discrete” from the damages arising from the judgment portion of the claim. Again, I respectfully disagree. In my opinion, the Franklynn damages are not separate. Rather, they are ancillary damages that are dependent on the final judgment for their very existence. As noted above, attorney fees and expenses were awarded to Franklynn pursuant to the federal prevailing party statute, and absent the favorable judgment for Franklynn in the patent case, the award never could have been made. See 35 U.S.C. § 285 (2006). Thus, rather than constituting an independent cause of action, the portion of TSE’s malpractice claim involving Frank-lynn’s fees and expenses was an ancillary matter that was irrevocably tied to the final judgment and to the judgment-based portion of TSE’s malpractice claim. See generally McGurn v. Scott, 596 So.2d 1042, 1044 (Fla.1992) (“[A]n award of attorneys’ fees or costs is ancillary to, and ... is incidental to the main adjudication.”).
Further, the fact that the attorney fees award was not final and was subject to reversal on appeal is immaterial for purposes of the “discovery” of the malpractice cause of action under section 95.11(4)(a), for the bright-line rule of Silvestrone is based not on the finality of a post-judg *52 ment ruling on an ancillary matter, but on the finality of the final judgment on the merits. See Silvestrone, 721 So.2d at 1175 (“To be specific, we hold that the statute of limitations does not commence to run until the final judgment becomes final.”) (emphasis added). The Court in Silvestrone was unequivocal on this point. In the present case, as noted above, because the final judgment on the merits in the patent case became final for purposes of appeal on September 16, 2002, the statute of limitations for the entire malpractice claim began to run at that point. The Frank-lynn attorney fees and expenses are just what they appear to be — additional damages arising from the malpractice cause of action.
This does not mean, however, that TSE was without legal recourse with respect to Franklynn’s attorney fees and expenses. Franklynn already had been awarded attorney fees and expenses at the time the judgment in the patent case became final, and the amount of those fees and expenses had not yet been calculated. But as noted above, TSE’s own attorney fees and expenses were fully known to TSE at that point, and TSE reasonably could have filed its malpractice claim within two years of that date and then, if necessary, amended it to include the amount of Franklynn’s fees and expenses. To the extent TSE complains that this would have cast TSE and Larson in adversarial roles, or would have forced TSE to discharge Larson and hire new counsel, or would have forced TSE to pursue conflicting legal positions, I disagree. As it turned out, the amount of Franklynn’s attorney fees and expenses was ultimately settled on October 10, 2002, less than a month after the decision in the patent case became final. TSE simply could have waited until that date and then ended its professional relationship with Larson and proceeded with the malpractice claim — TSE still would have had nearly the entire two-year period to file its malpractice claim.
D. Conclusion
This case is hardly unique or complicated — it involves a straightforward final judgment and post-trial orders in which everything was decided except for the amount of the prevailing party’s attorney fees and expenses. The Court in Silves-trone, in fashioning its bright-line rule, surely contemplated such a commonplace scenario. Instead of disturbing the bright-line rule of Silvestrone, I would simply apply it and remand for reinstatement of the trial court’s order of summary judgment barring TSE’s malpractice claim in its entirety. To the extent both the present majority opinion and the dissenting opinion conclude that the limitations period began to run not when TSE first discovered its malpractice damages (i.e., when the judgment in the patent case became final), but when TSE later discovered its additional malpractice damages (i.e., when Franklynn’s attorney fees and expenses were agreed upon), those two opinions, to my mind, abrogate the discovery rule and violate legislative intent as evidenced in the plain language of section 95.11(4)(a).
I would quash the decision of the district court in TSE Industries, Inc. v. Larson & Larson, P.A., 987 So.2d 687 (Fla. 2d DCA 2008), and approve in part and disapprove in part the decision of the district court in Integrated Broadcast Services, Inc. v. Mitchel, 931 So.2d 1073 (Fla. 4th DCA 2006), as reflected herein.

. TSE alleged that Larson committed the following acts of malpractice: (1) failed to adequately investigate the validity of the patent; (2) failed to conduct an adequate review before advising TSE to file suit; (3) advised TSE the patent infringement suit was "strong”; (4) failed to advise TSE of concerns about patent validity and the veracity of TSE's employee as a witness; (5) knowingly prepared and filed a false interrogatory response; (6) failed to advise TSE of issues regarding patent validity raised in correspondence; and (7) failed to adequately advise TSE's management staff regarding weaknesses in the action before and after filing suit.

. Florida law provides that "[a] cause of action accrues when the last element constituting the cause of action occurs.” § 95.031(1), Fla. Stat. (2002). As for legal malpractice claims, the Court has held that "[a] legal malpractice action has three elements: 1) die attorney's employment; 2) the attorney’s neglect of a reasonable duty; and 3) the attorney's negligence as the proximate cause of loss to the client.” Law Office of David J. Stern, P.A. v. Sec. Nat'l Servicing Corp., 969 So.2d 962, 966 (Fla.2007) (quoting Sec. Nat'l Servicing Corp. v. Law Office of David J. Stern, P.A., 916 So.2d 934, 936-37 (Fla. 4th DCA 2005)). And finally, the Court has held that, under the discovery rule, a cause of action cannot accrue until the plaintiff reasonably discovers the right of action. Hearndon v. Graham, 767 So.2d 1179, 1184 (Fla.2000).