DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YULIA V. FOREST,**
Appellant,

v.

**L. LISA BATTS** and **STUART LAW GROUP, P.A.**,
f/k/a **L. LISA BATTS, P.A.,**
Appellees.

No. 4D16-4066

[October 25, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Elizabeth A. Metzger, Judge; L.T. Case No. 432015CA000982AAXMX.

James Prescott Curry of Curry, PL, Jupiter, for appellant.

L. Lisa Batts of Stuart Law Group, P.A., Stuart, for appellees.

WARNER, J.

The trial court entered summary final judgment in a legal malpractice action, concluding that the action was barred by the statute of limitations. Appellant challenges that ruling, arguing that the time for filing a cause of action for legal malpractice does not begin to run until the underlying legal proceeding has been completed through appellate review and judicial labor comes to an end. We agree with appellant that her legal malpractice action was timely filed within two years of the entry of the amended final judgment, which was entered after reversal of the final judgment on appeal. We therefore reverse.

The appellee Lisa Batts, and others, represented appellant in her dissolution of marriage action against her former husband. During those proceedings, the court bifurcated the proceedings, granted the dissolution of the marriage, and awarded the marital home to the husband on the ground that it was a non-marital asset, as the court found that the wife made no special claim against that asset. The court reserved jurisdiction to enter a final judgment after resolving the remaining issues. The court ultimately entered a final judgment on all issues on January 24, 2011. In

it, the court incorporated the prior order, determined the equitable distribution of assets and liabilities including the husband's IRA, and determined that no alimony would be awarded, as the husband did not have the ability to pay. The wife appealed that judgment, and this court affirmed in part and reversed in part. *Forest-Kohl v. Kohl*, 126 So. 3d 1094 (Fla. 4th DCA 2012). We remanded for the court to make necessary findings regarding credit card debt and school loans but affirmed as to all other arguments. The trial court complied with the mandate by entering an amended final judgment on August 13, 2013. The appellant filed an appeal of this amended final judgment, but she voluntarily dismissed her appeal on October 4, 2013.

In October 2013 the former husband sought to enforce the Second Amended Final Judgment. The former wife contends that his actions forced her to file bankruptcy in February 2014. Within the bankruptcy case the former wife first initiated her legal malpractice action in July 2014 through an adversary proceeding against appellee. It was later filed in state court on May 2015 pursuant to 28 U.S.C. Section 1367(d), after the dismissal of the bankruptcy proceeding and within two years of the rendition of the amended final judgment.

Appellee Batts moved to dismiss the complaint, claiming that the statute of limitations had run on the legal malpractice claim against her. She then moved for summary judgment, which the court ultimately granted. The court determined that the time for filing of a legal malpractice action ran from the time of the final judgment entered on January 24, 2011 (or thirty days thereafter). The court discounted the appeal of that final judgment, because the issues on appeal did not concern the matters upon which appellant's legal malpractice claim was based, namely claims for credits against non-marital assets which appellee should have pursued as well as the husband's income to support an alimony award. It also discounted the amended final judgment entered after remand, because the only terms that changed in the amended final judgment were the disposition of marital liabilities, not the equitable distribution of properties or alimony. Because the appellant knew that she had not received any interest in the non-marital properties or an award of alimony at the time of the 2011 final judgment, the court reasoned that the time for filing a legal malpractice claim began to run. The court entered summary final judgment, prompting this appeal.

The standard of review of an order ruling on a motion for summary judgment which poses a pure question of law is de novo. *State v. Presidential Women's Ctr.*, 937 So. 2d 114, 116 (Fla. 2006); *Major League Baseball v. Morsani,* 790 So. 2d 1071, 1074 (Fla. 2001).

Section 95.11(4)(a), Florida Statutes (2015), provides that an action for legal malpractice "shall run from the time the cause of action is discovered or should have been discovered with due diligence." Our supreme court has interpreted this as meaning the time when finality occurs in the underlying cause of action in which any malpractice is alleged to have occurred:

> [W]hen a malpractice action is predicated on errors or omissions committed in the course of litigation, and that litigation proceeds to judgment, the statute of limitations does not commence to run until the litigation is concluded by final judgment. To be specific, we hold that the statute of limitations does not commence to run until the final judgment becomes final. [FN 2 - For instance, a judgment becomes final either upon the expiration of the time for filing an appeal or postjudgment motions, or, if an appeal is taken, upon the appeal being affirmed and either the expiration of the time for filing motions for rehearing or a denial of the motions for rehearing.]
>
> ....
>
> We therefore hold, in those cases that proceed to final judgment, the two-year statute of limitations for litigation-related malpractice under section 95.11(4)(a), Florida Statutes (1997), begins to run when final judgment becomes final. This *bright-line rule* will provide certainty and reduce litigation over when the statute starts to run. Without such a rule, the courts would be required to make a factual determination on a case by case basis as to when all the information necessary to establish the enforceable right was discovered or should have been discovered.

*Silvestrone v. Edell*, 721 So. 2d 1173, 1175-76 (Fla. 1998) (emphasis supplied). In *Silvestrone*, a jury failed to award Silvestrone and his co-plaintiff significant damages in an antitrust case. Because of post-trial motions and attorney's fees issues, final judgment was not rendered for two years resolving all issues, which was not appealed. Silvestrone then filed a legal malpractice action against his attorneys. The trial court found that the statute of limitations ran from the date of the jury verdict, because it was then that the plaintiffs knew of the inadequate damage award and any legal malpractice. While the appellate court agreed, the Florida

Supreme Court held that the cause of action ran from the rendition of the final judgment.

Similarly, in *Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1325 (Fla. 1990), an accountant malpractice case, the court noted that attorney malpractices did not accrue until the conclusion of appellate proceedings:

> This situation is not unlike attorney malpractice actions. A clear majority of the district courts have expressly held that a cause of action for legal malpractice does not accrue *until the underlying legal proceeding has been completed on appellate review* because, until that time, one cannot determine if there was any actionable error by the attorney. [Emphasis added.]

The court discussed the finality requirement in *Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36 (Fla. 2009). There, a final judgment was rendered against TSE Industries in a patent infringement case, which judgment was not appealed. The court later entered a judgment awarding attorney's fees. TSE filed a legal malpractice claim against its attorney, Larson, more than two years after the final judgment but less than two years after the judgment on attorney's fees. Larson moved for summary judgment on statute of limitations grounds, and the court entered judgment in favor of Larson, finding that the malpractice claim was untimely filed from the final judgment. The attorney's fees judgment was a separate ruling and could not alter the final judgment. The second district reversed the trial court, concluding that the legal malpractice action did not accrue until the judgment for attorney's fees was entered, because that ended judicial labor on the entire underlying proceeding.

The court reviewed *Silvestrone* and reaffirmed its commitment to a bright-line rule to determine when a cause of action for legal malpractice accrues.

> The crux of *Silvestrone's* reasoning is that it cannot be known with sufficient certainty that the client has suffered *any loss* caused by the lawyer's negligence until the finality of a judgment adverse to the client. A favorable result for the client in the lawsuit - which could be the result of appellate proceedings - would, of course, mean that the client had suffered no loss. *Silvestrone's* rule thus merely establishes a bright-line for establishing when the client has suffered *some loss* as a consequence of the attorney's negligence. It does not

4

require that there be a determination of the *full* extent of all losses suffered by the client due to the lawyer's negligence.

*Id.* at 42 (emphasis in original). It also reaffirmed its commitment in *Peat Marwick* that a cause of action for legal malpractice does not accrue until the underlying legal proceeding has been completed on appellate review because, until that time, one cannot determine if there was any actionable error by the attorney. To require a cause of action to accrue prior to the exhaustion of appellate review could result in a situation where a malpractice claim would have to be brought while an appeal was pending, with the potential that the client may have to take two inconsistent positions in the two causes of action.

Furthermore, addressing the concern that compelling a malpractice action to be filed prior to the conclusion of the appeal would detrimentally impact the attorney-client relationship, the court concluded that its rule requiring finality upon appeal prevented any damage to an existing relationship.

> As a practical matter, by holding that redressable harm is not established for purposes of a legal malpractice claim "until the final judgment becomes final," *Silvestrone*, 721 So.2d at 1175, we substantially addressed the basic concern regarding undue disruption of the attorney-client relationship underlying the continuing representation doctrine. Because finality requires the conclusion of appellate review, if any, there is no requirement that an ongoing attorney-client relationship be disrupted until two years after the appellate process has run its course.

*Id.* at 45.

The supreme court's consistent reliance on a bright-line rule that a cause of action for legal malpractice in litigation does not accrue until the underlying legal proceedings are complete through appellate review compels us to reverse the trial court's summary judgment. The final judgment of January 24, 2011, was appealed and reversed in part, requiring the issuance of an amended final judgment which was also appealed but voluntary dismissed in October 2013. That is the date upon which the final judgment was truly final.

Contrary to the trial court's conclusion, nothing in the supreme court opinions suggests that a judgment may be final for purposes of the running of the statute of limitations for a malpractice action as to some

issues but not others. To parse an appeal to determine whether an issue relating to the later claim of malpractice was raised in the brief would invite the very case by case determination of the accrual date for a legal malpractice that the supreme court rejected in *Silvestrone.* It could also result in the disruption of the attorney-client relationship during an appeal, which problem the bright-line rule of *Silvestrone* cured. *See Larson.*

The legal malpractice action was timely filed from the time the judgment became fully final. Therefore, the court erred in entering summary judgment on the statute of limitations.

*Reversed and remanded for reinstatement of the complaint and for further proceedings.*

DAMOORGIAN and LEVINE, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

6