PER CURIAM.
*1141 Appellants, Israel Otero and Pura Rodriguez, appeal the trial court's final order dismissing their complaint with prejudice. Appellants sued Appellee, Omar Javier Arcia, alleging that he committed legal malpractice and breached fiduciary duties while representing them in defense of a mortgage foreclosure case. Appellants claimed in their complaint that they entered into a consent judgment foreclosing their interest in property based upon the negligent advice and negligent representation provided to them by Appellee. Appellee incorrectly represented to the trial court that Appellants had appealed the consent judgment, and the trial court dismissed Appellants' complaint, finding that their claim was not ripe for litigation because of the supposed pending appeal. However, Appellants never appealed the consent judgment. Thus, Appellants' claim was ripe and should not have been dismissed. We reverse and remand for further proceedings.
With regard to when a litigation-related malpractice action accrues or achieves ripeness, the Florida Supreme Court has clearly stated: "[T]he two-year statute of limitations for litigation-related malpractice under section 95.11(4)(a), Florida Statutes (1997), begins to run when final judgment becomes final." Silvestrone v. Edell , 721 So.2d 1173, 1175-76 (Fla. 1998). "[A] judgment becomes final either upon the expiration of the time for filing an appeal or postjudgment motions, or, if an appeal is taken, upon the appeal being affirmed and either the expiration of the time for filing motions for rehearing or a denial of the motions for rehearing." Id. at 1175 n.2. Thus, the issue in this case is whether the "underlying legal proceeding" at issue had become final. See Larson & Larson, P.A. v. TSE Indus., Inc. , 22 So.3d 36, 44 (Fla. 2009) (quoting Peat, Marwick, Mitchell & Co. v. Lane , 565 So.2d 1323, 1325 (Fla. 1990) ).
Here, the litigation-related malpractice claim was that Appellee committed malpractice by failing to properly represent Appellants in the foreclosure matter and by specifically advising Appellants to abandon any defenses they had to the foreclosure by entering into a consent judgment in favor of the lender. The record is clear that Appellants did not appeal the consent judgment. Appellants did file a motion to vacate the consent judgment, which was denied, as was Appellants' motion for rehearing. Appellants appealed the order denying their motion for rehearing but that appeal was dismissed more than a year before Appellants filed their complaint against Appellee. Appellants repeatedly objected to all efforts to conduct the foreclosure sale, and appealed one order denying their motion to cancel the sale. This appeal of a post-judgment nonfinal order was still pending in this Court when their complaint was dismissed.
At the hearing on Appellee's motion to dismiss, whether intentionally or negligently, Appellee misled the trial court when he told the judge multiple times that Appellants had "appealed the consent judgment to the 5th District Court of Appeals" and that the appeal of the consent final judgment was still pending in this Court. The trial court accepted Appellee's representation and dismissed Appellants' complaint, ultimately with prejudice, on *1142 the basis that Appellants' malpractice claim against Appellee was not ripe. However, at the time Appellants' complaint was dismissed, there were no appeals pending that attacked the consent final judgment of foreclosure. The only appeal still pending when the trial court dismissed Appellants' complaint was of the order denying their motion to cancel the foreclosure sale.
Finally, although at the time of their complaint Appellants had not determined the extent of their alleged damages, Silvestrone "merely establishes a bright line for establishing when the client has suffered some loss as a consequence of the attorney's negligence"; it "does not require that there be a determination of the full extent of all losses suffered by the client due to the lawyer's negligence." Larson , 22 So.3d at 42 ; see also R.S.B. Ventures, Inc. v. Berlowitz , 211 So.3d 259, 264 (Fla. 4th DCA 2017) ("[T]he foreclosure judgment resulted in RSB's loss of any rights to the foreclosed property. ... [A] foreclosure judgment adverse to RSB has reached the point of finality, so RSB's legal malpractice claim has accrued with respect to the foreclosure judgment.").
Here, Appellants met the bright-line requirement of Silvestrone because they established "some loss" as a result of the negligence alleged in their complaint-that loss being a foreclosure judgment against them in which they lost rights to the subject property. Because the consent final judgment was never the subject of a motion for rehearing or a direct appeal, the judgment was final and their claim for malpractice was ripe.
For the reasons expressed above, we hold that the trial court erred in dismissing Appellants' malpractice complaint against Appellee. We reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED for further proceedings.
EVANDER, C.J., ORFINGER and EDWARDS, JJ., concur.