# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-349
Lower Tribunal No. 02-15849

————————

**B.P., The Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Angélica D. Zayas, Judge.

Cooke Law P.A., and Stewart M. Cooke, for appellant.

Karla Perkins, for appellee, Department of Children and Families; Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Amanda Victoria Glass, Senior Attorney, Appellate Division (Tallahassee), for appellee, Guardian ad Litem.

Before EMAS, HENDON and LOBREE, JJ.

PER CURIAM.

Affirmed.  See D.P. v. Dep't of Children & Family Servs., 930 So. 2d 798, 801 (Fla. 3d DCA 2006) ("The standard of review on a termination of parental rights case is 'highly deferential.' That is, '[a] finding that evidence is clear and convincing enjoys a presumption of correctness and will not be overturned on appeal unless clearly erroneous or lacking in evidentiary support'" (quoting N.L. v. Dept. of Children and Family Serv., 843 So. 2d 996, 999 (Fla. 1st DCA 2003)); J.V. v. Dep't of Children & Families, 326 So. 3d 76, 78-79 (Fla. 4th DCA 2021) (noting that an appellate court will not review the evidence in a light most favorable to the parent, but in a neutral manner to assess whether the competent, substantial evidence supports the trial court's conclusion; so long as the competent, substantial evidence supports the trial court's ruling on one of the statutory grounds alleged as a basis for termination under section 39.806, Florida Statutes, a reviewing court will affirm that ruling). See also Lecorps v. Star Lakes Ass'n, Inc., 47 Fla. L. Weekly D1136 at *4 (Fla. 3d DCA May 25, 2022) ("It is axiomatic that the trial court retains inherent authority to reconsider any of its nonfinal rulings prior to entry of the final judgment or another order terminating the action") (citing Silvestrone v. Edell, 721 So. 2d 1173, 1175 (Fla. 1998)); C.B. v. Dep't of Children & Families, 257 So. 3d 1078, 1081 (Fla. 4th DCA 2018) (observing that "the circumstances surrounding the creation of the case plan may extend

2

to problems identified subsequent to the children's removal, and not exclusively those identified contemporaneous to removal.")