880 So.2d 766 (2004)
Nicholas POHL, Appellant,
v.
SOUTHEAST AIRLINES, INC., a foreign corporation, Appellee.
No. 2D03-3114.
District Court of Appeal of Florida, Second District.
June 11, 2004.
Marcus A. Castillo of Haas & Castillo, P.A., Clearwater, for Appellant.
Thomas M. Gonzalez and Jennifer D. Zumarraga of Thompson, Sizemore & Gonzalez, P.A., Tampa, for Appellee.
SALCINES, Judge.
Nicholas Pohl appeals a final order dismissing his amended complaint which alleged he was the target of a retaliatory personnel action prohibited by section 448.102(2), Florida Statutes (2001). We reverse.
"In ruling on a motion to dismiss, the trial court must confine itself to the four corners of the complaint, accept the allegations *767 of the complaint as true, and construe the allegations in the light most favorable to the plaintiff." Brooke v. Shumaker, Loop & Kendrick, LLP, 828 So.2d 1078, 1080 (Fla. 2d DCA 2002), review denied, 845 So.2d 892 (Fla.2003). This court applies a de novo standard of review regarding the trial court's decision to grant a motion to dismiss. Id. Our review leads us to the conclusion that the trial court erred in dismissing Mr. Pohl's amended complaint.
In his amended complaint, Mr. Pohl alleged that he was a copilot for Southeast Airlines from July 2000 until October 17, 2001, when he was terminated in retaliation for having provided information to the Federal Aviation Administration ("FAA") in August 2001. Southeast Airlines moved to dismiss Mr. Pohl's amended complaint stating that the claim was preempted by federal law or, alternatively, that Mr. Pohl failed to state a cause of action under state law. Following an unreported hearing, the trial court entered a nonexplanatory final order dismissing Mr. Pohl's amended complaint with prejudice.
The amended complaint set forth a number of factual allegations concerning the timing and nature of the information Mr. Pohl provided to the FAA. Specifically, Mr. Pohl alleged that he provided the information during a period when the FAA was conducting an investigation of Southeast Airlines. Mr. Pohl also alleged that he advised Southeast Airlines of his disclosure to the FAA and that Southeast Airlines thereafter subjected him to harassment until it ultimately terminated his employment.
Section 448.102(2) provides:
An employer may not take any retaliatory personnel action against an employee because the employee has:
....
(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
§ 448.102(2), Fla. Stat. (2001). In his amended complaint, Mr. Pohl asserted that Southeast Airlines violated section 448.102(2) by taking retaliatory personnel action against him because he had provided information to the FAA in the course of its investigational inquiry into alleged violations of law by Southeast Airlines. Although we do not comment on the merits of Mr. Pohl's claim, the allegations contained in the amended complaint were sufficient to withstand a motion to dismiss for failure to state a cause of action under section 448.102(2).
Likewise, the allegations framed in the amended complaint were sufficient to withstand a motion to dismiss based on federal preemption by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ("ADA"). Although an action raised under state law is preempted by federal law if the claim is related to prices, routes, or services of an air carrier, some state actions may affect airline prices, routes, or services in too tenuous, remote, or peripheral a manner to have preemptive effect under the ADA. See Branche v. Airtran Airways, Inc., 342 F.3d 1248 (11th Cir. 2003), cert. denied, ___ U.S. ___, 124 S.Ct. 1422, 158 L.Ed.2d 86 (2004). At least on the face of Mr. Pohl's amended complaint, his claim is not preempted under the ADA as a matter of law.
Accordingly, we reverse and remand for further proceedings.
ALTENBERND, C.J., and SILBERMAN, J., Concur.