915 So.2d 187 (2005)
Reed McBRIDE, et al., Appellants,
v.
GEMINI AIR CARGO, INC., Appellee.
No. 3D04-2737.
District Court of Appeal of Florida, Third District.
June 29, 2005.
Rehearing or Rehearing Denied December 16, 2005.
*188 Michael Moulis (Ft. Lauderdale), for appellants.
Martin R. Raskin and Jane Serene Raskin (Miami), for appellee.
Before GERSTEN, RAMIREZ and SUAREZ, JJ.
Rehearing or Rehearing En Banc Denied December 16, 2005.
PER CURIAM.
The Appellants, Reed McBride, Jesus Pietri, Omar Tejada, and Homero Herrera, appeal the trial court's order dismissing their Florida Whistleblower Act ("FWA") complaints with prejudice. We reverse.
The Appellants assert that the trial court erred by finding that their FWA claims for retaliatory termination are preempted by the federal Airline Deregulation Act ("ADA") and the Whistleblower Protection Program ("WPP"). The Appellee, Gemini Air Cargo, Inc. ("Gemini"), contends that the Appellants' claims are preempted by federal law, and that the trial court's order dismissing their complaints should be affirmed.
Former Gemini employees McBride, Tejada, and Pietri witnessed an uncertified vendor install a new aircraft engine into a Gemini plane in Miami in August, 2001. They informed another employee, Herrera, who met with Gemini's president about the regulatory violation on September 4, 2001. The president warned Herrera about saying anything.
Thereafter, McBride, Tejada, and Pietri reported the violation to the Federal Aviation Administration ("FAA"). The FAA grounded the aircraft in Chicago and forced Gemini to reinstall the engine. In January, 2002, Gemini terminated all four appellants. The Appellants then sued Gemini under the FWA for retaliatory termination. The trial court dismissed the complaints with prejudice, finding that the suits are preempted by federal law.
Federal preemption "may be either express or implied, and is compelled, whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). Neither the ADA nor the WPP expressly or implicitly preempts the Appellants' FWA suits.
Congress enacted the ADA to deregulate the airlines and encourage safety, service, and competition. The ADA's preemption clause provides that a State may not "enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier...." 49 U.S.C.A. § 41713(b)(1). Therefore, the ADA preempts the Appellants' FWA suits if they are "related to" Gemini's "services."
The Appellants' FWA suits for retaliatory termination are not preempted by federal law. The employees observed a safety violation and reported it to their company and the FAA. Although it was conceivable that the employees' actions might have had some speculative future impact on the plane's clearance to fly, the claims are "too tenuous, remote, or peripheral... to have preemptive effect under the ADA." Pohl v. Southeast Airlines, Inc., 880 So.2d 766 (Fla. 2d DCA 2004) (reversing dismissal of co-pilot's FWA suit where he was harassed and *189 fired after providing the FAA with information during an investigation); see Branche v. Airtran Airways, Inc., 342 F.3d 1248 (11th Cir.2003) (holding that employee's FWA suit after reporting to the FAA that unauthorized personnel tested an overheating engine was not preempted by federal law); see also Fadaie v. Alaska Airlines, Inc., 293 F.Supp.2d 1210 (W.D.Wash.2003) (holding that claims for wrongful termination after reporting unsafe practices was not preempted by federal law because the retaliation occurred after, and was logically separate from, on-the-job conduct that caused an operational delay).
We further determine that the Appellants' FWA suits are not preempted by the WPP. The WPP does not expressly preempt state whistleblower suits or change the ADA in any meaningful way. "It simply added an additional remedy for plaintiffs seeking to advance a retaliatory discharge claim." Branche, 342 F.3d at 1264. Therefore, we find that the WPP does not preempt the Appellants' FWA suits. Branche, 342 F.3d at 1264; see Fadaie, 293 F.Supp.2d at 1210.
Because the Appellant's FWA complaints for retaliatory termination are not preempted by federal law, the trial court's order dismissing the Appellants' complaints is reversed and this cause is remanded for further proceedings.
Reversed and remanded.